**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Steven BUTTS, Defendant–Appellant.**

No. 00–50091.
D.C. No. CR–99–00527–LGB–03.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2001.*

Decided May 9, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before MAGILL,** MCKEOWN, and FISHER, Circuit Judges.

## MEMORANDUM ***

Steven Butts appeals his conviction and sentence for conspiracy, armed bank robbery, and possessing, carrying, and brandishing a firearm during a crime of violence

** Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

in violation of 18 U.S.C. §§ 371, 924(c), and 2113(a), (d). We affirm.

Butts first argues that the letter to Andre Faison (the "Faison letter") was not adequately authenticated because Faison testified that he did not know Butts's handwriting. We review for abuse of discretion whether evidence was adequately authenticated, *United States v. Workinger,* 90 F.3d 1409, 1415 (9th Cir.1996), and we conclude that the district court did not abuse its discretion here.

Authentication of evidence "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). A document "may be shown to have emanated from a particular person by virtue of its disclosing knowledge of facts known peculiarly to him." Fed.R.Evid. 901, Advisory Committee Notes Example (4). "The government need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *Workinger,* 90 F.3d at 1415 (internal quotation marks and citation omitted).

Here, Faison testified that he received the letter in the mail and that he believed that it was from Butts, because the envelope contained a return address for "Steve Butts" at a Los Angeles, California address and the letter was signed by "Mr. Blue," Butts's nickname. Moreover, the contents of the letter suggest that Butts wrote it. Most notably, the letter references Faison's use of Butts's clothing, and sets forth an alibi for Butts that was consistent with Butts's post-arrest statement. The district court did not err by admitting it.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ Butts also argues that the district court erred by admitting into evidence the receipts for the purchase of guns and ammunition ("gun receipts") and a gun case found in Butts's apartment the month before the robbery, on the grounds that they were irrelevant and highly prejudicial. We review for abuse of discretion whether evidence is relevant, *United States v. Hicks*, 103 F.3d 837, 843 (9th Cir.1996), and whether the probative value of evidence is outweighed by its prejudicial effect, *United States v. Leon–Reyes*, 177 F.3d 816, 821 (9th Cir.1999). We again conclude that the district court did not abuse its discretion.

The gun receipts and case were relevant to show that it was reasonably foreseeable to Butts that a gun would be used in the robbery. *See* Fed.R.Evid. 401. Faison testified that he purchased guns on Butts's behalf; the transaction reports obtained from the gun store reflect Faison's gun purchases, including his purchase of the guns reflected in the gun receipts and one of the guns used during the robbery; and the gun receipts and gun case tie Butts to those gun purchases. We reject Butts's argument that the district court should have, nevertheless, excluded the evidence under Federal Rule of Evidence 403.[1]

■ Butts next argues that the district court committed plain error under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by increasing his offense level based on the amount of money stolen. Under *Apprendi*, the question is whether the amount of money "increase[d] the penalty ... *beyond the prescribed statutory maximum.*" *Id.* at 2362–2363, 120 S.Ct. 2348 (emphasis added). This challenge fails because the increase in offense level based on the amount of money stolen did not increase

Butts's sentence beyond the statutory maximum. Rather, Butts was sentenced well below the statutory maximum. *See* 18 U.S.C. §§ 371, 2113(a), (d).

■ Butts contests the district court's two-level increase in his sentence for obstruction of justice, under Sentencing Guideline § 3C1.1. Butts claims that there is insufficient evidence that he wrote the letter. We review for clear error the district court's factual findings regarding obstruction of justice, *United States v.. Cooper*, 173 F.3d 1192, 1204–05 (9th Cir.), *cert. denied*, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 408 (1999), and we reject this argument as well. As we have already noted, the letter was adequately authenticated. Therefore, the district court did not err by applying the enhancement. *See United States v. Atkinson*, 966 F.2d 1270, 1277 (9th Cir.1992) (concluding that defendant's counseling co-defendants to refuse to speak with law enforcement authorities or to fabricate a story if forced to talk warranted an obstruction enhancement).

Finally, Butts argues that the district court erred by not reducing his sentence because he was a "minor participant" in the robbery. U.S.S.G. § 3B1.2(b). A reduction for a "minor" role in the offense is appropriate where a participant is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 3. Butts "has the burden of proving by a preponderance of the evidence that he is entitled to a downward adjustment based on his role in the offense." *United States v. Hernandez–Franco*, 189 F.3d 1151, 1160 (9th Cir.1999), *cert. denied*, 530 U.S. 1206, 120 S.Ct. 2203, 147 L.Ed.2d 237 (2000) (internal quotation marks and citation omitted). We review for clear error the

---

1. For the same reasons, we reject any argument by Butts that the district court erred by admitting other evidence of Faison's gun purchases, including the firearms transaction reports.

district court's determination that Butts failed to meet his burden. *See id.*

We agree with the district court that Butts did not meet his burden. Not only did the evidence presented at trial support the conclusion that Butts was the getaway driver, but it supported the conclusion that Butts provided the getaway car, communicated to one of the robbers during the robbery, and provided one of the guns used during the robbery. The district court did not err by concluding that Butts was not a mere "minor participant."

Butts's motion to allow filing of a supplemental brief is granted. Butts's arguments as to the essential element of the offense and prosecutorial misconduct are without merit. We decline to entertain the ineffective assistance of counsel claim on direct review. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000).

AFFIRMED.