**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Manuel CUEVAS, Defendant—
Appellant.**

No. 02–50604.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 21, 2003.

Blair Smith, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael Ian Garey, Esq., Santa Ana, CA, for Defendant–Appellant.

Before: PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

A jury convicted Manuel Cuevas of importing cocaine and possessing cocaine with the intent to distribute. Cuevas appeals his conviction and sentence, challenging various rulings by the district court judge. We affirm on all issues. As the parties are familiar with the facts, we re-

count them only as necessary to explain our decision.

■ First, the district court appropriately limited the evidence pertaining to Miguel Farias' motive and means to retaliate against Cuevas. "We review for abuse of discretion whether evidence is relevant, ... and whether the probative value of evidence is outweighed by its prejudicial effect...." *United States v. Butts,* 9 Fed. Appx. 612, 614 (9th Cir.2001) (internal citations omitted). "The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (internal quotation and citation omitted). However, the exclusion of "marginally relevant" and "highly speculative" evidence does not violate a criminal defendant's due process rights. *United States v. Rubio–Topete,* 999 F.2d 1334, 1339–40 (9th Cir.1993). Cuevas failed to tie his truck, the person who purportedly bought the truck in Cuevas' name in August 2001 and sold it to Cuevas in November 2001, or the cocaine found in the truck's compartment to Farias. Only speculation linked Farias, his organization, and their purported threats to the charged drug trafficking conduct. With no proffered evidence linking Farias to the instant crime, the district court did not abuse its discretion by excluding evidence regarding Farias' means and motive.

Cuevas also contends that the government exploited the district court's erroneous evidentiary ruling and thereby exacerbated the prejudice of the exclusion of evidence by presenting a closing argument contrary to the facts the court precluded Cuevas from introducing at trial. The government's references to the stale motive for retaliation—which it candidly concedes were improper—did not rise to the level of prosecutorial misconduct. *See United States v. Kojayan,* 8 F.3d 1315 (9th Cir.1993). Moreover, this was not a close case, and several factors other than the stale motive cast serious doubt upon Cuevas' set up theory.

■ Second, Cuevas challenges the admission of his prior felony conviction. The court reviews the admission of a prior conviction under Federal Rule of Evidence 609 for abuse of discretion. *United States v. Jimenez,* 214 F.3d 1095, 1097–98 (9th Cir.2000); *United States v. Wallace,* 848 F.2d 1464, 1473 (9th Cir.1988). The court "can affirm on any basis supported by the record." *United States v. Alexander,* 48 F.3d 1477, 1487 (9th Cir.1995). As Cuevas was convicted of the prior offense in 1996—just *six* years before this trial— Rule 609(b) presented no bar to admission. Further, because the conviction bears on his propensity for truthfulness, the court properly admitted it under Rule 609(a)(2). The conviction was likewise admissible under Rule 609(a)(1) because it reflects on Cuevas' veracity and is dissimilar to the charged conduct, and because Cuevas' testimony and credibility were critical at trial.

■ Third, Cuevas challenges the district court's decision to limit his cross-examination of Special Agent Lee Jacobs. The court reviews *de novo* whether a limitation on cross-examination is so severe as to violate the Confrontation Clause. *United States v. Adamson,* 291 F.3d 606 (9th Cir.2002). The district court did not prevent Cuevas from probing for bias, questioning the strength of Jacobs' training or experience, or otherwise discrediting his testimony. The district court merely required Cuevas to focus his cross-examination on matters relating to Jacobs' direct testimony. This type of limitation does not violate the Confrontation Clause. *See United States v. Lo,* 231 F.3d 471, 482 (9th Cir.2000).

Finally, Cuevas requests that the panel review the government's ex parte submissions and determine whether the trial court abused its discretion in denying his motion to disclose the source of the TECS alert. The government's submissions confirm that neither Farias nor anyone connected with him triggered the TECS alert. The district court did not err in protecting the information contained in these submissions.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.