**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Stacy MONIZ, Defendant–Appellant.**

No. 00–10203.

D.C. NO. CR–96–00240 ACK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Decided July 31, 2001.

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

MEMORANDUM *

Defendant Stacy Moniz appeals his conviction of six counts of tax evasion and other crimes related to his concealment of income earned in 1994. Moniz raises three separate challenges to his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. *Motion to Suppress Evidence.*

Moniz contends that the district court erred in denying his motion to suppress incriminating evidence obtained by his law partner and former secretary from

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**508**

their law offices. He argues that the removal of documents from his law firm's offices was, in effect, a search by local law enforcement officers which could not be conducted without a warrant. We review *de novo* the denial of the motion to suppress; however, we must accept the district court's underlying factual findings if they are not clearly erroneous. *United States v. Reed,* 15 F.3d 928, 930 (9th Cir. 1994). We find no clear error in the district court's finding that Moniz's law partner and his former secretary, who were embroiled in a business dispute with Moniz, had a legitimate, independent motivation for removing the documents from the offices, apart from any interest local law enforcement may have had in Moniz. On the basis of this finding, the search was a private search not subject to the Fourth Amendment. *See United States v. Cleaveland,* 38 F.3d 1092, 1094 (9th Cir.1994).

### 2. *Sufficiency of the Evidence.*

 Moniz's challenges to the sufficiency of the evidence supporting his convictions on counts 4, 5, and 6 also lack merit. The evidence is sufficient to support his conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Ginn,* 87 F.3d 367, 369 (9th Cir.1996) (emphasis omitted). On counts 4 and 5, charging violations of 18 U.S.C. § 1001, we find ample evidence in the record to support a finding that Moniz's false statements to Internal Revenue Service agents were "material." *See United States v. Service Deli, Inc.,* 151 F.3d 938, 941 (9th Cir.1998). On count 6, Moniz argues that a conviction under 18 U.S.C. § 152 cannot be based on false representations in the various schedules and lists, including lists of creditors, that are attached to a bankruptcy petition. These schedules and lists, however, are an integral part of the bankruptcy petition, and accordingly we reject this argument. *See United States v. Ladum,* 141 F.3d 1328, 1335 (9th Cir.1998).

### 3. *Sentencing Issues.*

 Moniz asserts that the district court erred in its determination of the appropriate sentencing guideline range. We review for abuse of discretion the district court's application of the Sentencing Guidelines to the facts of a particular case. *United States v. Leon–Reyes,* 177 F.3d 816, 824 (9th Cir.1999). We review for clear error the district court's factual findings. *United States v. Caperna,* 251 F.3d 827, 830 (9th Cir.2001).

 The district court properly applied U.S.S.G. § 1B1.3 in determining that Moniz's failure to report income in 1993 was "relevant conduct" that could be considered in determining the appropriate guideline sentencing range. The failure to report income in 1993 constitutes a similar offense to the failure to report income in 1994, and his failure to report income in back-to-back years suggests a consistent pattern of disregard for the tax laws. *See* U.S.S.G. § 1B1.3, Application Note 9 (discussing factors to be considered in determining relevance of conduct and stating that "a defendant's failure to file tax returns in three consecutive years appropriately would be considered as part of the same course of conduct").

 The district court also properly imposed a 2–level upward adjustment for failure to report income from criminal activities, *see* U.S.S.G. § 2T1.1(b)(1), and a 2–level upward adjustment for abuse of a position of trust, *see* U.S.S.G. § 3B1.3. Moniz defrauded one of his clients of money to which he clearly was not entitled and then did not report the income. And, tak-

ing advantage both of his position as legal counsel and his client's vulnerability after the death of her son, he prevailed upon the client to sign a false "loan" note in an effort to conceal from the IRS the ill-gotten income.

AFFIRMED.