**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Nolan Howard WEBSTER,
Defendant–Appellant.**

No. 96–30159.

United States Court of Appeals,
Ninth Circuit.

Submitted * March 5, 1997.

Decided March 12, 1997.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Webster printed counterfeit $20 bills with a color copier on $8\frac{1}{2}'' \times 11''$ paper sheets. We hold that the uncut sheets constituted "counterfeit" currency for purposes of sentence enhancement.

## BACKGROUND

In a seven week period, defendant Nolan Webster and a friend, Henry Jones, passed approximately $2,480 in photocopied $20 bills at 65 fast food establishments and other businesses. They bought sunglasses in a mall using some of the counterfeit currency, fled in their car and were arrested. A search of the car revealed a paper cutter and three counterfeit $20 bills. Jones showed a secret service agent the dumpster where they had tossed the remaining currency. The agent recovered 344 cut counterfeit $20 bills, totaling $6,880, and 4,194 uncut counterfeit $20 bills on paper sheets, totaling $83,880.

Webster pleaded guilty to passing and possessing counterfeit currency under 18 U.S.C. §§ 2 and 472. The court counted the face value of the uncut bills in enhancing his sentence, and Webster timely appeals.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## ANALYSIS

### I Calculation of Sentence Enhancement

The applicable 1995 Sentencing Guideline is § 2B5.1. Section 2B5.1(b)(1) instructs courts to apply an upward adjustment under § 2F1.1 if the face value of the counterfeit currency exceeds $2,000.[2] We review

Walter G. Palmer, Seattle, WA, for defendant-appellant.

Arlen R. Sturm, Assistant United States Attorney, Tacoma, WA, for plaintiff-appellee.

1. Calculation of Webster's Sentence:

| | |
|---|---|
| Base Offense Level<br>2B5.1(a) | 9 |
| Specific Offense Level<br>2B5.1(b)(1), 2F1.1(b)(1)(G) | 6 |
| Accept. Responsibility | -2 |
| Total Offense Level | 13 |
| Criminal History Category | IV |
| Imprisonment Range | 24—30 months |
| Sentence | 24 months |

2. USSG § 2F1.1(b)(1):

If the loss exceeded $2,000, increase the offense level as follows:

| | Loss | Increase |
|---|---|---|
| (A) | $2,000 or less | no increase |
| (B) | More than $2,000 | add 1 |
| (C) | More than $5,000 | add 2 |
| (D) | More than $10,000 | add 3 |
| (E) | More than $20,000 | add 4 |
| (F) | More than $40,000 | add 5 |
| **(G)** | **More than $70,000** | **add 6** |

de novo the court's implementation of the Sentencing Guidelines. *United States v. Reyes–Alvarado*, 963 F.2d 1184, 1189 (9th Cir.1992).

■ We hold that the uncut $20 bills were "counterfeit"[3] and properly counted for sentence enhancement. The language of § 2B5.1(b)(1) does not require counterfeit bills be of "passable" quality. They must "purport" to be genuine but need not be mistakable as such. Webster intended to pass the uncut bills eventually as genuine. To do so, he had only to cut them. *See United States v. Moran*, 470 F.2d 742, 743 (1st Cir.1972)(pre-Guidelines case finding that "a snip with a pair of shears was too inconsequential" for distinguishing counterfeit); *accord United States v. Moreno–Pulido*, 695 F.2d 1141, 1145 (9th Cir.1983) (holding that uncut, blank green card forms constituted counterfeit instruments).

Other circuits have held that incomplete or imperfect counterfeit bills are counted under § 2B5.1(b)(1). *See United States v. Ramacci*, 15 F.3d 75, 78 (7th Cir.1994)(counterfeit bills printed only on one side); *United States v. Rodriguez*, 989 F.2d 583, 585 (2nd Cir.1993)(unusable or discarded currency); *United States v. Lamere*, 980 F.2d 506, 509, 513–14 (8th Cir.1992) (counterfeit bills printed only on one side).[4]

Guideline history indicates that § 2B5.1(b)(1) applies to incomplete or imperfect counterfeit currency. *See* USSG § 2B5.1, Historical Note (1995) (rejecting proposed amendment, 58 Fed.Reg. 67,522 (1993), that would have instructed courts to exclude items obviously unintended for circulation, e.g., discarded defective items); *see also Ramacci*, 15 F.3d at 78 (describing

---

3. **USSG § 2B5.1, Application Note 2:**

   "Counterfeit," as used in this section, means an instrument that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety.

4. Webster's attempts to distinguish *Ramacci*, *Rodriguez* and *Lamere* are unavailing. Those cases interpreted § 2B5.1(b)(1), the same enhancement guideline applied here.

5. **USSG § 2F1.1, Application Note 10:**

amendment history); *Rodriguez*, 989 F.2d at 586 n. 3 (same); *Lamere*, 980 F.2d at 512 (same).

Webster's interpretation would create undesirable results. *See United States v. Alfeche*, 942 F.2d 697, 699 (9th Cir.1991)(preferring interpretation that is consistent with statute's history and language and avoids absurd results). Courts would impose longer sentences on those possessing smaller amounts of completed and cut counterfeit currency and shorter terms on those having larger amounts of completed but uncut counterfeits. Counterfeiters could reduce possible sentences by cutting currency only when it was time to spend it.

## II Downward Departure

■ The trial judge recognized her authority to depart downward under note 10 of § 2F1.1.[5] Her comment, "I've searched the guidelines, and I, frankly, do not see any grounds for departure" indicates that she found no reason to depart, not that she believed she lacked authority to do so. We lack jurisdiction to review a district court's discretionary refusal to depart downward from the Guidelines. *United States v. Jackson*, 986 F.2d 312, 314 (9th Cir.1993).

The judge's concern over Webster's continuous criminal activity indicates that she was aware of her authority to depart.[6] *See Reyes–Alvarado*, 963 F.2d at 1190 (finding that judge's comment on defendant's criminal history indicated exercise of discretion). She read the sentencing memoranda, which discussed her authority to depart, and the Government argued that the facts did not warrant a departure, not that the court could not depart. The court need not say affirmatively

---

In a few instances, the loss determined under subsection (b)(1) may overstate the seriousness of the offense.... In such cases, a downward departure may be warranted.

6. **The Court stated:**

The troubling point of this case, of course, is, when you [Webster] get to final judgment—that's where you are now ... looking at your record, you've been kind of a problem all along, and it's time to put a halt to it.

that it had discretion to depart. *See United States v. Garcia–Garcia*, 927 F.2d 489, 490–91 (9th Cir.1991). We lack jurisdiction to consider this issue.

**AFFIRMED.**