**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luis AGUILAR–RODRIGUEZ,
Defendant–Appellant.**

**No. 99–10574.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 2000.

Decided Jan. 31, 2001.

Before SCHROEDER, BEEZER, and PAEZ, Circuit Judges.

## MEMORANDUM[1]

Luis Aguilar–Rodriguez appeals his 87 month prison sentence following his guilty plea to a single count of unlawful entry as a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (2000).

■ Aguilar–Rodriguez contends the district court erred during sentencing when it limited consideration of sentencing disparities involving violations of 8 U.S.C. § 1326(b) to cases in the District of Nevada. This Court has held that sentencing disparities arising from charging and plea bargaining decisions of different U.S. Attorneys are not a proper basis for departing from the applicable guideline sentencing range. *U.S. v. Banuelos–Rodriguez*, 215 F.3d 969, 973 (9th Cir.2000). The district court was therefore correct to focus on sentencing disparities in the District of Nevada.

■ Aguilar–Rodriguez also argues that, during his sentencing hearing, the

district court improperly considered his national origin, which is deemed irrelevant in sentencing under U.S. Sentencing Guidelines Manual section 5H1.10. The basis for Aguilar–Rodriguez's allegation was a passing statement from the district court, referring to Appellant's "nonstop criminal activity ... against the citizens of this country." When examined in context, the district court's statement appears to be a reference to Aguilar–Rodriguez's criminal history, not his national origin.

■ Neither did the district court err in its consideration of Aguilar–Rodriguez's cultural assimilation, which is governed by U.S. Sentencing Guidelines Manual section 5H1.10, and Federal Rule of Criminal Procedure 32(c). Aguilar–Rodriguez contends that his cultural assimilation warranted a downward departure from the guideline sentence range. While U.S. Sentencing Guidelines Manual section 5K2.0 states that the sentencing court "may impose a sentence outside the range established by the applicable guidelines" where there are aggravating or mitigating circumstances, the sentencing court is not required to make a departure. In cases of unlawful entry of a deported alien, cultural assimilation may be a mitigating circumstance that can be considered by the court. *See U.S. v. Lipman*, 133 F.3d 726 (9th Cir.1998). The record in this case indicates that Appellant presented his argument to the district court concerning cultural assimilation. The district court considered the argument and chose not to exercise its discretion to make a downward departure. A district court's discretionary decision not to make a downward departure when applying the guidelines is unreviewable. *U.S. v. Webster*, 108 F.3d 1156, 1158–59 (9th Cir.1997).

■ Finally, Aguilar–Rodriguez maintains that under the Supreme Court's deci-

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

sion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the government had to plead and prove beyond a reasonable doubt the existence of Appellant's prior aggravated felony conviction in order to subject him to the enhanced penalties under 8 U.S.C. § 1326(b)(2). The Supreme Court addressed the issue in *Almendarez–Torres v. U.S.*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and held that the government did not need to offer such proof because Section 1326(b)(2) was a mere sentencing enhancement rather than a separate crime. *Apprendi* did not overrule *Almendarez–Torres*. *U.S. v. Pacheco–Zepeda*, 234 F.3d 411, 415 (9th Cir.2000) (concluding that "unless and until the Supreme Court expressly overrules it, *Almendarez–Torres* controls" on the question of whether Section 1326(b)(2) is a sentencing enhancement).

AFFIRMED.