UNITED STATES of America,
Plaintiff–Appellee,

v.

Alberto V. MIRANDA–GASTELUM,
Defendant–Appellant.

No. 00–10009.

D.C. No. CR–99–00304–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001[1].

Decided Feb. 22, 2001.

Before LEAVY, THOMAS and RAWLINSON, Circuit Judges.

MEMORANDUM[2]

---

5. *Cf. Baramdyka,* 95 F.3d at 844.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Alberto V. Miranda–Gastelum appeals his 46–month sentence for one count of illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). We have jurisdiction to review the judgment pursuant to 28 U.S.C. § 1291, but lack jurisdiction over the discretionary denial of a downward departure. We dismiss.

Miranda–Gastelum contends that the district court erroneously believed that it lacked discretion to depart downward based on his consent to fast-track deportation, in the absence of a government-approved plea bargain. This contention is unsupported by the record. The district court's observation that timely consent is a factor for such a departure is not tantamount to a belief that government approval is required. *Cf. United States v. Rodriguez–Lopez,* 198 F.3d 773, 775–76 (9th Cir. 1999) (reversing where district court undisputedly believed it lacked authority to depart without government consent to fast-track). The district court's discretionary denial of the departure is not reviewable, *United States v. Webster,* 108 F.3d 1156, 1158–59 (9th Cir.1997), and we dismiss this claim. *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1065 (9th Cir. 2000).

Defendant proffers supplemental authority, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), contending that it may undermine the validity of the indictment to which he pleaded guilty. We have previously rejected this view of *Apprendi,* and do so here. *United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2000) (holding that *Almendarez–Torres* remains the applicable law), *amended* (Feb.8, 2001). We therefore deny Miranda–Gastelum's motion to file supplemental briefing on *Apprendi.*

DISMISSED.