**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Ramon Monzón RAYOS, Defendant–Appellant.**

No. 99–50518.

D.C. No. CR–99–00251–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Ramon Monzón Rayos [3] appeals his guilty plea conviction and 46–month sentence imposed for being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1294, and we affirm.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Rayos' counsel submitted a brief stating that he found no meritorious issues for review, but references three potential issues on appeal. Counsel also filed a motion to withdraw as counsel of record. Rayos has not filed a supplemental pro se brief.

■ Counsel first references the issue of whether the district court erred by refusing to grant Rayos' request for downward departure based on overstatement of the seriousness of his criminal history and disparate treatment of defendants charged with illegal re-entry under section 1326. Because the record reflects that the district court did not misunderstand that it had the discretion to depart and chose not to, we are without jurisdiction to review this discretionary refusal to depart. *See United States v. Webster,* 108 F.3d 1156, 1158 (9th Cir.1997).

■ Counsel also raises the issue of whether the district court failed to address

**3.** The clerk is directed to correct the docket sheet to include the correct spelling of Appellant's name as noted above.

Rayos' request for a downward departure based on a combination of factors. The record shows that although raised in the parties' sentencing papers, and by Rayos' counsel at the sentencing hearing, the district court imposed sentence without commenting on Rayos' request for departure on this ground. Because the district court's silence is not sufficient to indicate that it believed it lacked the authority to depart, *see United States v. Berger,* 103 F.3d 67, 70 (9th Cir.1996), we will assume that the district court knew the law and applied it correctly, *see United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir. 1991) (per curiam) (concluding that there is no jurisdiction to review a discretionary refusal to depart where the judge made no comment about his refusal to depart downward). Accordingly we are without jurisdiction to review this claim. *See id.*

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no further issues for review. Accordingly, counsel's motion to withdraw is GRANTED and the judgment is AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.