UNITED STATES of America, Plaintiff–Appellee,

v.

Ricardo Raul GARCIA–PENA, Defendant–Appellant.

No. 00–50183.

D.C. No. CR 99–1021–JSL.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[1]

Decided June 1, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM [2]

Ricardo Raul Garcia–Pena appeals the judgment of conviction and 70–month sentence following his guilty plea to a single count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We affirm.

Garcia–Pena first contends that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court improperly imposed a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) because the government neither pled in the indictment nor established through the guilty plea that Garcia–Pena had sustained an aggravated felony conviction. He also contends that *Apprendi* renders inapplicable *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense). These arguments are foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000), *as amended* (Feb. 8, 2001), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Garcia–Pena's contention that the district court abused its discretion by denying his request for a downward departure since the United States Attorney for the Central District of California employs a harsher charging policy with respect to violations of § 1326 than other districts is

foreclosed by *United States v. Banuelos–Rodriguez*, 215 F.3d 969, 973 (9th Cir. 2000) (en banc) (concluding that inter-district disparity is not an authorized ground for departure.)

■ We do not review Garcia–Pena's contention that the district court erred in refusing to grant his request for downward departure based upon cultural assimilation, because the discretionary decision not to depart is unreviewable on appeal. *See United States v. Webster*, 108 F.3d 1156, 1158 (9th Cir.1997).

AFFIRMED.