**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Luis BATZ–GONZALEZ,**
**Defendant—Appellant.**

No. 00–10356.

D.C. No. CR–00–00311–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Jose Luis Batz–Gonzalez pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326(a) and he was sentenced to 63 months in prison pursuant to 8 U.S.C. § 1326(b)(2). He appeals his sentence. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary. We affirm.

Batz–Gonzalez asked the district court to depart downward from the sentencing guidelines because he had become culturally assimilated in the United States prior to his deportation. *See United States v. Lipman,* 133 F.3d 726, 730–31 (9th Cir.1998).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court rejected this request, concluding:

> You have had steady contacts with law enforcement involving serious matters, virtually or nearly every year since 1990, [listing offenses].

> I don't think that this qualifies as cultural assimilation, because of the number of contacts that you have had and the fact that while you have been in the United States you have repeatedly come to the attention of law enforcement officers for serious conduct.

" 'We lack jurisdiction to review a district court's discretionary refusal to depart downward from the Guidelines.' ' *Id.* at 732 (quoting *United States v. Webster*, 108 F.3d 1156, 1158 (9th Cir.1997)). We have jurisdiction only to review the district court's determination of whether it had the authority to depart downward under the Sentencing Guidelines. *Id.* at 729. The district court's explanation for its refusal to depart downward for cultural assimilation demonstrates that it understood, correctly, that it had the discretion to depart downward, but that it choose not to do so on the facts of this case. *Id.* at 731–32 ("The district court's explanation of its denial sufficiently indicates that the court recognized its authority to consider cultural assimilation as a potential basis for departure and reflects its discretionary decision not to do so in this case based upon the facts presented."). Accordingly, we have no jurisdiction to review the district court's rejection of Batz–Gonzalez's request for a downward departure. *Id.*

AFFIRMED.