**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ralph RIVERA–ALONZO, aka Rafael
Sanchez–Rivera, Defendant–
Appellant.**

**No. 00–10418.**

**D.C. No. CR–99–00133–ECR.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 25, 2001.

Before KOZINSKI, T.G. NELSON, and
TALLMAN, Circuit Judges.

MEMORANDUM **

Ralph Rivera–Alonzo, aka Rafael Sanchez–Rivera, appeals his guilty plea conviction and sentence for illegal re-entry by a deported alien, in violation of 1326(a) and (b)(2). Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Rivera–Alonzo contends that the district court erred when it increased his base offense level by 16 points, because the fact that his prior deportation followed an aggravated felony conviction was neither admitted nor proven beyond a reasonable doubt to a jury. He further contends that *Apprendi* calls into question the continuing validity of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Rivera–Alonzo's contentions, however, are foreclosed by our recent decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413–14 (9th Cir.2000), *as amended*, (Feb. 8, 2001). *United States v. Castillo Rivera*, 244 F.3d 1020 (9th Cir.2001).

Rivera–Alonzo asked the district court to depart downward from the sentencing guidelines because he had become culturally assimilated in the United States prior to his deportation. *See United States v. Lipman*, 133 F.3d 726, 730–31 (9th Cir. 1998). He contends that the district court misapprehended the heartland analysis of *Lipman* and made material factual findings that were clearly erroneous when exercising its discretion not to depart. A review of the record indicates that the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

district court reviewed Rivera–Alonzo's circumstances but found that given his lack of unusual family ties and his criminal history category of VI, a departure was not warranted. " 'We lack jurisdiction to review a district court's discretionary refusal to depart downward from the Guidelines.' " *Id.* at 732 (quoting *United States v. Webster*, 108 F.3d 1156, 1158 (9th Cir. 1997)). Accordingly, we have no jurisdiction to review the district court's rejection of Rivera–Alonzo's request for a downward departure. *Id.*

The judgment of conviction is AFFIRMED. We REMAND to the district court with directions to correct the judgment of conviction to exclude the reference to 8 U.S.C. § 1326(b). *United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (sua sponte remanding to the district court with directions to correct judgment).

AFFIRMED in part, REMANDED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.