**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Domingo LOZOLLA–RODRIGUEZ, Defendant—Appellant.**

No. 01–30009.

D.C. No. CR–00–00082–FVS.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Domingo Lozolla–Rodriguez appeals the sentence imposed following his guilty plea to being an alien found in the United States after deportation in violation of 8 U.S.C. § 1326.

Lozolla–Rodriguez contends that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred in imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a), based upon a prior aggravated felony. He contends that his case is distinguishable from *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), because he did not admit to any aggravat-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ed felony following deportation at his plea hearing. He also contends that his constitutional rights were violated when the issue of the prior felony was not presented to a jury. Lozolla–Rodriguez's arguments are foreclosed by this court's recent decision in *United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001).

Lozolla–Rodriguez also contends that the district court erred in not granting downward departures based on his stipulation to deportation and his close family ties in Mexico. Because the district court recognized its discretion to depart and chose not to depart, we lack jurisdiction to review its decision not to depart. *United States v. Webster*, 108 F.3d 1156, 1158 (9th Cir.1997).

**AFFIRMED.**