**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ignacio GONZALEZ, Defendant–Appellant.**

No. 00–50223.

D.C. No. CR–99–03291–NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2000 [1].

Decided May 6, 2002.

---

2. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, T.G. NELSON, and WARDLAW, Circuit Judges.

ORDER

This matter is hereby resubmitted effective May 1, 2002.

MEMORANDUM [2]

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

A. *Constitutionality of 21 U.S.C. § 960*

Gonzalez claims that 21 U.S.C. § 960 is unconstitutional because it permits a judge to increase the maximum penalties for drug violations without requiring that the factors which cause such increases, drug type and quantity, be alleged in the indictment and determined beyond a reasonable doubt by a jury as required under *Apprendi v. New Jersey.*[3] We determined that § 960 is constitutional in *United States v. Mendoza–Paz.*[4] Thus, Gonzalez's argument fails.

B. *Constitutionality of Waiver in Proposed Plea Agreement*

The proposed plea agreement provided that the Government had turned over "any information establishing the factual innocence of defendant" and acknowledged the Government's "continuing duty to provide such information establishing the factual innocence of the defendant." The proposed plea agreement simply required Gonzalez to waive his rights to impeachment and affirmative defense information

---

3. *See* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

4. 286 F.3d 1104, 2002 WL 531153, at *1 (9th Cir.2002).

that the Government would be required to provide *if the case proceeded to trial.* Obviously, if the case went to trial, the plea agreement (and hence the waiver) would not be in force.[5] There was no constitutional violation here.[6]

AFFIRMED.

---

5. Moreover, unless the case went to trial, there would be no witnesses and hence no impeachment information for the Government to turn over; nor would there be an affirmative defense on which the Government would be required to provide information.

6. To the extent that Gonzalez contends that the district court erred by denying his motion for a "fast track" downward departure, we lack jurisdiction to review the district court's discretionary decision not to grant this downward departure. *See United States v. Webster,* 108 F.3d 1156, 1158 (9th Cir.1997).