**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven GRANT, Defendant–Appellant.**

No. 01–50190.

D.C. No. CR–99–01325–RSWL.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM **

Steven Grant appeals his conviction and 21–month sentence imposed following his jury-trial conviction for using an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2). Grant's attorney has filed a brief and a motion to withdraw as counsel of record pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Grant has not filed a pro se supplemental brief.

Counsel identifies three potential issues for review, the first of which is whether there was sufficient evidence to support the jury's guilty verdict. The evidence, and the reasonable inferences to be drawn from it, showed that Grant participated in the purchase of a $3,800 watch with a fraudulent credit card, fled from the police when identified by the victim, and had in his possession materials related to the use and creation of fraudulent credit cards. We therefore conclude that the verdict is supported by sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); 18 U.S.C. § 1029(a)(2); *see also* 18 U.S.C. § 2 (providing that those who aid and abet the commission of an offense are punishable as a principal).

Counsel next identifies the potential issue of whether the district court erred by not excluding evidence related to other uncharged fraudulent credit card transactions in which Grant may have been involved as well as evidence seized during a consensual search of Grant's house. We conclude that the district court did not err in allowing the admission of this evidence because it was material to the issues of knowledge and intent, the other conduct was recent and similar to the charged offense, there was sufficient indication that Grant was involved in the other acts, and admission of this evidence was not unfairly prejudicial. *United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir.1998) (listing factors to be considered when deciding whether evidence of other crimes is admissible under Rule 404(b)).

Finally, counsel identifies the issue of whether the district court erred by denying Grant's request for a downward departure based on post-offense rehabilitation. As counsel correctly points out, however, we lack jurisdiction to review this decision because the district court denied the request as an exercise of its discretion. *See*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*United States v. Webster,* 108 F.3d 1156, 1158 (9th Cir.1997).

Our independent review of the record under *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no other issues requiring further review. Accordingly, counsel's motion to withdraw is **GRANTED** and the district court's judgment is **AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.