**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gary THOMAS, Defendant—Appellant.**

No. 02–10258.

D.C. No. CR–00–00228–LDG/PAL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Gary Thomas appeals his sentence for conspiracy, uttering counterfeit obligations, and aiding and abetting in violation of 18 U.S.C. §§ 371, 471, 472. We review the district court's implementation of the Sentencing Guidelines de novo, *United States v. Webster,* 108 F.3d 1156, 1158 (9th Cir.1997), the application of the Sentencing Guidelines to a particular case for abuse of discretion, *United States v. Leon–Reyes,* 177 F.3d 816, 824 (9th Cir. 1999), and factual findings in the sentencing phase for clear error, *United States v. Ladum,* 141 F.3d 1328, 1344 (9th Cir.1998). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Thomas contends that the district court incorrectly calculated the amount of loss from his counterfeiting activities to be between $20,000 and $40,000, and, as a result, improperly applied a four-level increase in his offense level. *See* U.S.S.G. §§ 2B5.1(a), 2F1.1(D) & (E) (2000). The district court's finding that Thomas was the source of $32,400.00 bearing the same serial numbers and made using the same method was not clearly erroneous, as it was based on relevant information with sufficient indicia of reliability. *See United States v. Alonso,* 48 F.3d 1536, 1546 (9th Cir.1995) (quoting U.S.S.G. § 6A1.3).

Thomas also contends he incorrectly received a four-level upward adjustment to his offense level for being the leader or organizer of more than five people in his criminal enterprise. *See* U.S.S.G. § 3B1.1(a). The adjustment was appropriate because the evidence indicated Thomas received the largest compensation, formed the group, and recruited accomplices. *See United States v. Govan,* 152 F.3d 1088, 1096 (9th Cir.1998); U.S.S.G. § 3B1.1 n. 4.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument and Appellant's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.