**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Antonio GUERECA, Defendant—
Appellant.**

No. 02–50479.
D.C. No. CR–02–00064–GT.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Jose Antonio Guereca appeals his guilty plea conviction and 46–month sentence for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo whether a plea agreement has been breached. *United States v. Camarillo–Tello*, 236 F.3d 1024, 1026 (9th Cir.2001). We affirm in part and dismiss in part.

Guereca contends that the government breached the plea agreement by indicating that he was a career offender on its initial Sentencing Summary Chart. The district court properly found that the government did not breach the plea agreement because the government fulfilled its obligations pursuant to the agreement and also that the agreement expressly made no promises as to Guereca's criminal history category. *See United States v. De la Fuente*, 8 F.3d 1333, 1340 (9th Cir.1993).

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We dismiss Guereca's appeal to the extent that he contends that the district court erred by failing to grant a "fast-track" downward departure because we lack jurisdiction to review a district court's discretionary refusal to depart downward from the Guidelines. *See United States v. Webster,* 108 F.3d 1156, 1158 (9th Cir.1997) (finding district court's statement that "I've searched the guidelines, and I, frankly, do not see any grounds for departure" indicated that district court found no reason to depart, not that she believed she lacked authority to do so).

Guereca's contention that his prior conviction for a violation of Cal. Health & Safety Code § 11359 does not qualify as a career offender predicate is foreclosed by this court's decision in *United States v. Sandoval–Venegas,* 292 F.3d 1101, 1107 (9th Cir.2002). To the extent that Guereca invites us to revisit *Sandoval–Venegas,* we decline, as a three-judge panel cannot overrule Circuit precedent. *See United States v. Lucas,* 963 F.2d 243, 247 (9th Cir.1992).

**AFFIRMED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.