**CITY OF CLEVELAND, Plaintiff,**

v.

**DEADWYLER, Defendant.**

2003-Ohio-7370.]

Cleveland Municipal Court, Ohio.

No. 2003 CRB 14952.

Decided Aug. 13, 2003.

---

Gina M. Villa, Assistant Prosecuting Attorney, for the city of Cleveland.

Nicole Burns Dertouzos and Legal Aid Society of Cleveland, for defendant.

---

MABEL M. JASPER, Judge.

{¶ 1} The court has before it defendant's motion to dismiss filed June 30, 2003, and the city's response filed July 16, 2003. This case is set for bench trial on August 13, 2003.

{¶ 2} Defendant is charged with a violation of R.C. 2913.32, criminal simulation, for having allegedly sold bootleg, i.e., counterfeit or bogus, compact discs. Defendant argues that he lacked the criminal intent of a "purpose to defraud" that would have been necessary to violate subsection (A) of the statute, and that his conduct alone "is not sufficient for guilt of [sic] this statute."

{¶ 3} The relevant question in determining the sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Lindsey* (2000), 87 Ohio St.3d 479, 482, 721 N.E.2d 995, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560; see, also, *State v. Smith* (1997), 80 Ohio St.3d 89, 113, 684 N.E.2d 668; *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Sufficiency is a test of the adequacy of the evidence, and that determination is a question of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.

{¶ 4} Defendant's reliance upon *State v. Demos* (Sept. 1, 1998), Mahoning App. No. 94 CA 132, 1998 WL 574797, is misplaced. That ruling, cited by no other Ohio court since being handed down, was distinguished by the very court of appeals that issued it four years later in *State v. Joseph*, Mahoning App. No. 00 CA 218, 2002-Ohio-3009, 2002 WL 1370900. In fact, after discussing and rejecting its own *Demos* precedent, the *Joseph* court upheld a conviction for the sale of counterfeit compact discs—the same conduct presented in the case now before this court.

{¶ 5} Defendant contends that "purpose to defraud" under R.C. 2913.32(A) does not include "selling someone items which are obvious copies [when] * * * it is clear that the buyer of these items knew exactly what it was that they were buying." This seems to imply that criminal-simulation charges cannot properly be brought against incompetent or unskilled counterfeiters. Carried to its logical conclusion, this would create a perverse incentive for counterfeiters to purposely include some defect, however small or subtle, in order to later argue that savvy sidewalk consumers would know they were not buying authentic goods. This cannot have been what the General Assembly had in mind in adopting R.C. 2913.32. Most, if not all, people buy counterfeit goods because they are cheaper, not because the buyers are under any illusions as to the authenticity of those goods.

{¶ 6} As the Seventh District Court of Appeals noted, "There is little authority to guide [courts] in the application of Ohio's criminal simulation statute. Interpretations of comparative regulations outside this jurisdiction are equally unhelpful." *Joseph*, supra, at ¶ 25. However, federal courts have held that even

poorly or incompletely printed counterfeit paper money purports to be genuine within the meaning of the United States counterfeiting laws. *United States v. Kelly* (C.A.6, 2000), 204 F.3d 652, 657; *United States v. Webster* (C.A.9, 1997), 108 F.3d 1156, 1158; *United States v. Ramacci* (C.A.7, 1994), 15 F.3d 75, 78; *United States v. Lamere* (C.A.8, 1992), 980 F.2d 506, 509, 513–514. A counterfeit item may be "near enough to completion," or to a semblance of authenticity, to purport to be genuine, *Kelly,* supra, 204 F.3d at 657, and thereby defraud even the most undiscerning buyer.

{¶ 7} Defendant's motion is, to some degree, premature. The court's file contains a probable-cause determination form. After viewing the evidence in the light most favorable to the prosecution, the court cannot say at this time that the essential elements of the crime are incapable of being proven beyond a reasonable doubt. Accordingly, after careful consideration of the briefs and the applicable law, the motion to dismiss is hereby denied.

Motion denied.