MEMORANDUM***
Anthony Durant, Sharman Walker, Kirk Kuykendoll, and Henry Perrin appeal their convictions and sentences for conspiracy (18 U.S.C. § 371), maü fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), securities fraud (15 U.S.C. § 77q(a)), and perjury (18 U.S.C. § 1621), arising from their activities in a telemarketing scheme for a purported manufacturer of latex products, Assured International. None of their arguments on appeal has merit. Thus, we affirm the district court.
*58 I Standards of Review
Evidentiary rulings are reviewed for an abuse of discretion. United States v. Leon-Reyes, 177 F.3d 816, 819 (9th Cir. 1999).
“We review de novo the district court’s interpretation of the Sentencing Guidelines.” United States v. Pirello, 255 F.3d 728, 731 (2001). The district court’s factual findings pertaining to sentencing are reviewed for clear error. Id. The district court’s application of the Guidelines to the facts of a particular case is reviewed for an abuse of discretion. Id.
Standards of review pertaining to only one defendant are included within the analysis of discrete issues below.
II Anthony Durant
A. Vulnerable Victim Enhancement
Durant’s practice of calling back individuals who had already invested and trying to get them to reinvest falls squarely within the definition of reloading as developed in United States v. Randall and United States v. Ciccone. United States v. Randall, 162 F.3d 557, 560 (9th Cir.1998); United States v. Ciccone, 219 F.3d 1078, 1086-87 (9th Cir.2000). Thus, the trial court properly applied the two-level enhancement under U.S.S.G. § 3Al.l(b) for vulnerable victims, as recommended in the Presentence Report.
B. Disparate Sentencing
Durant argues that he and Sam Harris, the de facto leader of Assured, should not have received such similar sentences because Harris was the head man and Durant only a henchman. Harris pleaded guilty and was convicted on only two counts (conspiracy and contempt), while Durant was convicted on five counts.
We do not have jurisdiction to review the district court’s discretionary refusal to depart downward from Durant’s guideline sentence. United States v. Caperna, 251 F.3d 827, 831-32 (9th Cir.2001); United States v. Webster, 108 F.3d 1156, 1158 (9th Cir.1997). The decision to downward depart is within the discretion of the sentencing judge. Capema, 251 F.3d at 831-32. Moreover, we have specifically held that “the equalization of sentences is an improper ground for departure if the court is attempting to equalize the sentences of co-defendants who are convicted of committing different offenses, even if their behavior is similar.” Id. at 831 (citation omitted).
II Sharman Walker
A. Denial of Rule 29 Motion for Acquittal
“The denial of a Rule 29 motion for acquittal is reviewed de novo.” United States v. Clayton, 108 F.3d 1114, 1116 (9th Cir.1997) (citation omitted). The test is for sufficient evidence: we review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. Id. Walker’s convictions for conspiracy, wire fraud, mail fraud, and securities fraud all contain an element of intent. See 18 U.S.C. § 371; 18 U.S.C. § 1341; 18 U.S.C. § 1343; 15 U.S.C. § 77q(a). There was sufficient evidence adduced at trial for a rational trier of fact to decide that Walker possessed the requisite intent for these convictions. Among other evidence, she blatantly lied to investors about her own stock purchases and cooperated in the conspiracy by allowing her apartment to be used for stock sales after the United States Postal Inspector Service raided Assured. Thus, the district court properly denied her Rule 29 motion for acquittal.
*59 B. Denial of Motion for New Trial
We review a district court’s denial of a motion for a new trial for an abuse of discretion. United States v. Alvarez, 86 F.3d 901, 906 (9th Cir.1996). The evidence that defeats Walker’s motion for acquittal suffices here as well. The judge did not abuse her discretion in determining that the evidence presented at trial did not indicate that a “serious miscarriage of justice may have occurred,” which would warrant granting Walker’s motion for a new trial. United States v. Alston, 974 F.2d 1206, 1211-12 (9th Cir.1992).
C. Exclusion of Satisfied Investors’ Written Statements
The trial court’s exclusion of written declarations from satisfied investors because they were (1) hearsay and (2) more prejudicial than probative under Rule 403 was squarely within its discretion. Fed. R.Evid. 803(3), 403. The statements were cumulative of other testimony and could confuse the jury, and the declarants were not subject to cross examination.
D. Sentencing

1. Ten-level Enhancement for Total Loss

The trial court properly imposed a ten-level enhancement based on the total loss to the investors under U.S.S.G. § 2Fl.l(b) (now codified at U.S.S.G. § 2Bl.l(b)(l)). Under U.S.S.G § lB1.3(a)(l)(B), the relevant conduct that is considered in calculating the specific offense characteristics under Chapter Two of the guidelines includes, “in the case of a jointly undertaken criminal activity ( ... whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.” U.S.S.G. § lB1.3(a)(1)(B); See also United States v. Blitz, 151 F.3d 1002 (9th Cir.1998). Here, Walker was convicted of conspiracy beyond a reasonable doubt and she let the entire operation move into, and work out of, her apartment, so the trial judge’s finding that she acted in concert clearly meets the preponderance of evidence standard applicable to findings in the sentencing context. See United States v. Riley, 335 F.3d 919, 925 (9th Cir.2003).

2. Two-level Enhancement for Mass Marketing

The trial court properly imposed the proposed two-level enhancement for mass marketing under U.S.S.G. § 2Fl.l(b)(3) (now codified at U.S.S.G. § 2Bl.l(b)(2)(A)). The evidence adduced at trial shows that Walker and the other telemarketers at Assured targeted as many people as they could everyday via the telephone, a classic mass marketing scheme falling squarely within the mass marketing definition. See U.S.S.G. § 2B1.1 cmt. n. 4 (defining mass marketing as “a plan, program, promotion, or campaign that is conducted through solicitation by telephone, mail, the Internet, or other means to induce a large number of persons to ... invest for financial profit”).

3. Two-level Enhancement for Violation of a Court Order

The district court properly imposed a two-level sentencing enhancement for violation of a court order under U.S.S.G. § 2Fl.l(b)(4)(C) (now codified at U.S.S.G. § 2Bl.l(b)(7)). Here, a jury convicted Walker of contempt, finding her guilty of violating the order beyond a reasonable doubt. Thus, the trial judge did not abuse her discretion in applying this enhancement based upon her finding, by a preponderance of the evidence, that Walker violated a court order. See Riley, 335 F.3d at 925.
*60 III Kirk Kuykendoll
A. Admissibility of 608(b) Impeachment Evidence
FRE 608(b) squarely permits the admission of evidence that Kuykendoll lied on a lease application and on a bankruptcy filing. Fed.R.Evid. 608(b). The Rule reads in relevant part: “[sjpecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness’ credibility ... may ... if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness ... concerning the witness’ character for truthfulness or untruthfulness.” Fed.R.Evid. 608(b). Kuykendoll brought his character to issue when he chose to testify. See United, States v. Reid, 634 F.2d 469, 473 (9th Cir.1980). Evidence of certain instances in which Kuykendoll lied is clearly germane to his character for veracity. Thus, the trial court did not abuse its discretion by admitting the evidence.
B. Exclusion of Actual Glove Sale Evidence
Kuykendoll does not cite to any specific final ruling of the trial court excluding the evidence of actual glove sales. As such, there is nothing to appeal.
C. Prosecutorial Misconduct

1. Compelled Testimony

Kuykendoll’s argument that the prosecutor improperly compelled him to testify about another witness’s credibility is reviewed for plain error because he did not object to this line of questioning on the basis of prosecutorial misconduct at trial. United States v. Sanchez, 176 F.3d 1214, 1218 (9th Cir.1999). “Under this standard, a conviction can be reversed only if, viewed in the context of the entire trial, the impropriety seriously affected the fairness, integrity, or public reputation of judicial proceedings, or where failing to reverse a conviction would result in a miscarriage of justice.” United States v. Tanh Huu Lam, 251 F.3d 852, 861 (9th Cir.2001), cert. denied, 534 U.S. 1013, 122 S.Ct. 503, 151 L.Ed.2d 413 (2001), rehearing denied, 534 U.S. 1159, 122 S.Ct. 1139, 151 L.Ed.2d 1030 (2002) (citation omitted).
Here, that is simply not the case. Kuykendoll volunteered a statement that investors lied. The prosecutor then followed up with some questions for clarification. Then, in closing, the prosecutor reiterated Kuykendoll’s assertion. This does not amount to a showing that the entire proceeding was infected with impropriety or that a miscarriage of justice has occurred.

2. Admission of Association Evidence to Show Guilt

At trial, Kuykendoll never objected to the admission of statements regarding his friendship or business associations with others at Assured under the theory that the prosecution was impermissibly trying to prove his guilt by association, so then-admission is also reviewed for plain error. See Sanchez, 176 F.3d at 1218.
United States v. Garcia, upon which Kuykendoll relies, is inapposite to these facts. 151 F.3d 1243 (9th Cir.1998). Here, we have participation in a common scheme amounting to a conspiracy, not just association (membership) with a group of people (gang). See id. at 1246. Proving guilt by participation, as opposed to association, is clearly permissible. The trial court did not commit plain error in allowing this testimony.
D. Ineffective Assistance of Counsel
“Ordinarily, we will not consider an ineffective assistance of counsel claim on di *61 rect appeal, because of the need to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.” United States v. Andrews, 75 F.3d 552, 557 (9th Cir.1996) (internal quotation marks and citation omitted). Exceptions to this rule have been carved out when (1) the record on appeal is sufficiently developed to permit review and determination of the issue, United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995), or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel. United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989).
This claim is not cognizable on appeal. A few scattered remarks made by his counsel during the course of a twenty-two day trial neither make a sufficient record by which to judge this claim nor constitute blatant ineffective assistance of counsel. United States v. Laughlin, 933 F.2d 786, 789 (9th Cir.1991) (holding the record insufficient to address an ineffective assistance claim on direct appeal because “former defense counsel has had no opportunity to explain his actions.”); Strickland v. Washington 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.” (internal quotation marks and citation omitted)).
E. Two-level Sentencing Enhancement for Violation of a Court Order
Kuykendoll claims not to have actual knowledge of the temporary restraining order he violated. Because the order was addressed to all employees of Assured, and Kuykendoll and a postal inspector both testified at trial that he had knowledge of the order, the trial court’s imposition of this enhancement was neither erroneous nor an abuse of discretion. See U.S.S.G. § 2Fl.l(b)(4)(C) (now codified at U.S.S.G. § 2B1.1(b)(7)).
IV Henry Perrin
A. Eleven-level Sentencing Enhancement for Total Loss
The analysis pertaining to the application of the total loss in Walker’s case applies here as well. See supra at II D.l. Perrin’s conspiracy conviction evidences the jury’s belief, beyond a reasonable doubt, that he acted in concert with the others. Thus, the court’s factual finding was not erroneous, nor was the application of the enhancement for total loss to his sentence an abuse of discretion.
B. Two-level Sentencing Enhancement for Violation of a Court Order
Perrin claims not to have had actual knowledge of the temporary restraining order he violated. Because the order was addressed to all employees of Assured, and there was testimony at trial that his supervisors had discussed the order with him, the trial judge’s imposition of this enhancement was neither erroneous nor an abuse of discretion. See U.S.S.G. § 2Fl.l(b)(4)(C) (now codified at U.S.S.G. § 2B1.1(b)(7)).
C. Evidentiary Standard Applied to Enhancement Findings
Perrin argues that while generally a preponderance of evidence satisfies due process for factual findings in sentencing, in his case, a clear and convincing standard should have applied because the findings had an extremely disproportionate impact on his sentence. See United States v. *62 Hopper, 177 F.3d 824, 833 (9th Cir.1999) (citing United States v. Restrepo, 946 F.2d 654, 659 (9th Cir.1991) (en banc)). Because Perrin failed to object to the district court’s application of the preponderance standard, we review for plain error. United States v. Jordan, 256 F.3d 922, 926 (9th Cir.2001).
Here, Perrin argues that his sentence should only have been enhanced by eight levels for loss and not at all for the violation of a court order, as compared to the actual eleven and two levels that were imposed, what he claims is a disproportionate total difference of five levels. See id. at 928 (including “whether the increase in the number of offense levels is less than or equal to four” as a factor in determining disproportionality).
Sentence enhancements can be aggregated for this purpose. See id. Here, however, as discussed above, the additional three levels applied for total loss is clearly not in plain error, so the remaining two-level enhancement does not represent the extremely disproportionate situation addressed in the case law. See id.
Additionally, though it is close, the maximum sentence on the aggregated five-level enhancement here is not more than doubled (from 33 to 57 months), and the enhancements all regard activities that were charged within the conspiracy. See id. (including “whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range” and “whether the increase ... is based on the extent of a conspiracy” as factors for determining disproportionality (internal quotation marks and alterations omitted)). This simply is not the totality of circumstances our circuit contemplated in establishing a higher evidentiary standard for certain sentencing enhancements.
CONCLUSION
For the foregoing reasons, the convictions and sentences of all four co-defendants in this appeal are AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.