UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco LEON–REYES,
Defendant–Appellant.

United States of America,
Plaintiff–Appellant,

v.

Francisco Leon–Reyes, Defendant–
Appellee.

Nos. 97–10139, 97–10215.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1999.

Decided May 20, 1999.

Brenda Dabdoub–Caballero (Argued), and Clay Hernandez (On the Briefs), Tucson, Arizona, for the defendant-appellant-cross-appellee.

Robert L. Miskell (Argued), Assistant United States Attorney, and Jerry R. Albert (On the Briefs), Assistant United States Attorney, Tucson, Arizona, for the plaintiff-appellee-cross-appellant.

Before: BEEZER and TROTT, Circuit Judges, and KING, District Judge.[1]

1. The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

2. Initially on appeal, the government also asserted that the district court erred in refusing

TROTT, Circuit Judge:

Francisco J. Leon–Reyes ("Leon–Reyes") appeals his conviction for seven counts of perjury in violation of 18 U.S.C. § 1623. His first claim is that the district court erred in admitting into evidence, under Rule 1006 of the Federal Rules of Evidence, summaries of testimony from a previous trial in which he allegedly testified falsely. The court restricted the jury's consideration of these summaries to the issue of whether Leon–Reyes's allegedly false testimony was material. Leon–Reyes also claims that the prosecutor's closing argument vouched for the prosecution's own integrity and was inflammatory and prejudicial in content.

The United States cross appeals claiming that the district court abused its discretion by calculating Leon–Reyes's sentence with respect to the money laundering activities only and not with respect to the drug trafficking charges.[2] This court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm the district court in all respects.

## BACKGROUND

Leon–Reyes was indicted on seven counts of perjury. This indictment stemmed from Leon–Reyes's testimony in *United States v. Heriberto Garcia*, CR 94–119–TUC–RMB (the "*Garcia* trial"), where Heriberto Garcia Sr. ("Garcia Sr.") and Heriberto Garcia Jr. ("Garcia Jr.") (collectively the "Garcias") were charged with drug trafficking, money laundering and money structuring. Leon–Reyes is an accountant who testified for the defense about the financial affairs of Garcia Sr. Leon–Reyes testified that (1) he filed a "notice of registration" for tax purposes in Mexico, giving notice that Garcia Sr. was

to apply a two-level increase in sentence for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (1995). However, the United States withdrew that argument and we do not address it.

initiating business activities in Mexico; (2) the "notice of registration" was officially stamped in his presence; (3) he prepared and personally filed an "informative declaration"[3] on behalf of Garcia Sr.; (4) he filed the "informative declaration" with Banamex, a bank in Mexico; (5) he had prepared and filed income tax returns in Mexico for Garcia Sr. for the years 1987–1993; (6) he paid the tax liabilities for 1987–1993; and (7) he received bank statements for Garcia Sr.'s account with Banamex Bank. Leon–Reyes was indicted for perjury based on this testimony.

At Leon–Reyes's trial, the district court admitted into evidence summaries of testimony given by numerous witnesses in the *Garcia* trial. The first group of summaries included the testimony of witnesses who testified that they had pled guilty to drug trafficking or money laundering, and that they had given or seen substantial sums of cash given to the Garcias in return for marijuana (the "drug trafficking summaries"). Other summaries included the testimony of witnesses who testified about various parts of the Garcias' money laundering activities including: (1) that the Garcias invested substantial sums of their own money into the Pantera Radio Station; (2) that the station was losing money; (3) that the money was given to them by the Garcias in cash; and (4) that they were instructed to take the cash and purchase money orders from numerous banks in amounts of $2,500 or $2,000 (the "money laundering summaries"). Two other summaries encompassed the testimony of two witnesses who had audited and testified

about the financial affairs of the Garcias (the "accounting summaries").

The jury found Leon–Reyes guilty on all seven counts.

At sentencing, the government argued that Leon–Reyes's perjury affected the Garcias' drug trafficking charges as well as the money laundering and money structuring charges. The district court rejected this argument, held that Leon–Reyes's testimony did not relate to the drug trafficking offenses, and sentenced Leon–Reyes to 57 months. This appeal and cross-appeal followed.

## DISCUSSION

### I. Summaries of Prior Testimony

■ Leon–Reyes argues that the district court erred in admitting the drug trafficking summaries into evidence. We review a district court's decision to admit or exclude evidence for an abuse of discretion. *United States v. Hernandez*, 109 F.3d 1450, 1452 (9th Cir.1997).

Summaries of voluminous writings, recordings or photographs are admissible under Rule 1006 of the Federal Rules of Evidence. However, the use of summaries of testimony given by witnesses in prior trials has not been addressed by this court, and the guidelines for the use of such summaries have not been established.[4]

■ In a perjury case, the government must prove that the statement made by the defendant in the prior tribunal and alleged to be false was material. In order to do that, the prosecution must offer evidence from the prior trial to show that the

3. An "informative declaration" is a declaration of business informing the Mexican Government what business the company is performing and who the company is doing business with. An "informative declaration" does not provide the basis for determining tax liability.

4. We have noted the danger of admitting testimony of summary witnesses who summarize evidence, including oral testimony, previously admitted in the same trial. *See United States*

*v. Baker*, 10 F.3d 1374, 1412 (9th Cir.1993) (noting that summary witnesses should only be allowed in "exceptional cases" because the credibility of summary witnesses may be substituted for the credibility of the evidence summarized). That concern is not relevant here where the summaries were of testimony admitted from a prior trial and not offered to prove the matter asserted by the witness in the prior trial, but only to show the materiality of Leon–Reyes's allegedly false testimony.

defendant's statements were material; simply offering the allegedly false statement itself is not enough. *See United States v. Dipp*, 581 F.2d 1323, 1328 (9th Cir.1978); *see also United States v. Damato*, 554 F.2d 1371, 1373 (5th Cir.1977) (holding that the judge did not have sufficient basis to determine materiality where the entire transcript of the prior proceeding was not received by the court).[5] Previously, we have allowed the prosecution to prove materiality of a statement by introducing the complete transcript of the prior proceeding, *see Dipp*, 581 F.2d at 1328, by presenting testimony from persons who witnessed the proceedings, *see Damato*, 554 F.2d at 1373, or by presenting testimony from a member of the grand jury or jury, *see United States v. Ostertag*, 671 F.2d 262, 265 (8th Cir.1982). We are unaware of any case where the court admitted summaries of the type in this case to prove materiality in a perjury trial. However, we can find no reason to exclude such summaries. Indeed, we believe admission of summaries like the ones from this case offer numerous advantages to district courts. Rather than admitting the potentially voluminous transcript or subpoenaing witnesses from the prior trial to repeat their testimony, the prior testimony can be reduced to short summaries tending to prove materiality. Additionally, the district court is better able to monitor and exclude unduly prejudicial material from short summaries than the entire transcript. The portions of the prior trial relevant to the determination of materiality are easily extracted and placed before the jury in a clear and coherent manner.

We do recognize, however, that summaries of oral testimony have inherent risks. Summaries are normally prepared by an interested party and therefore may not be completely accurate or may be tainted with the preparing party's bias. Additionally, juries may be misled by the summaries and conclude that the defendant was involved in the crimes which were the subjects of the prior trial. Summaries, therefore, must be scrutinized by the trial court to ensure that they are accurate, complete, not unduly prejudicial, limited to the relevant issues, and confined by appropriate jury instructions.

■ Applying these guidelines to this case, we hold that the district court did not abuse its discretion in admitting the summaries. The district court reviewed the written summaries before trial and removed irrelevant and unduly prejudicial material. Defense counsel was given a copy of the summaries prior to trial and could have objected to the form and content of each summary, but did not. Nor does Leon–Reyes contend that the summaries were inaccurate or incomplete. Moreover, the district court instructed the jury each time a group of summaries were presented that the summaries were to be considered only on the issue of materiality and not on the issue of whether the statements were false.

■ Leon–Reyes argues that the summaries were irrelevant. We disagree. The government was required to prove that Leon–Reyes's statements were material to the *Garcia* trial. *See* 18 U.S.C. § 1623; *Johnson*, 520 U.S. at 465. A statement is material if "it has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed." *United States v. Clark*, 918 F.2d 843, 846 (9th Cir.1990) (internal quotation omitted), *overruled on other grounds by United States v. Keys*, 133 F.3d 1282, 1285 (9th Cir.1998). The money laundering summaries and the accounting summaries

**5.** In *Johnson v. United States*, 520 U.S. 461, 465, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), the Supreme Court held that whether a false statement under 18 U.S.C. § 1623 was material was an issue to be decided by the jury. Although *Dipp* and *Damato* held that materiality is an issue of law to be decided by the court, *Dipp*, 581 F.2d at 1328; *Damato*, 554 F.2d at 1373, that error does not affect the holdings on how the prosecution may prove materiality.

were clearly relevant, as Leon–Reyes had been called by the defense to rebut government testimony and to explain the large amounts of money the Garcias invested in Radio Pantera. The drug trafficking summaries were also relevant to show the materiality of Leon–Reyes's testimony as a defense to the claim that the funds were from an illegitimate source. In order to prove the Garcias were guilty of money laundering, the government had to prove that the Garcias' funds were from an illegitimate source. The drug summaries show the government's alleged illegitimate source that Leon–Reyes was called to refute.

■■■■ Leon–Reyes also argues that the drug trafficking summaries were unduly prejudicial because they implicated him in the drug trade. We review a district court's decision balancing the probative value of evidence against its prejudicial effect for an abuse of discretion. *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir.1997). In this case, the summaries were not unduly prejudicial. The summaries were brief and did not suggest Leon–Reyes played a role in the drug trafficking. Moreover, the district court clearly instructed the jury each time a group of summaries were read that the summaries were only relevant to the issue of materiality. The district court specifically instructed that:

> You may only consider this evidence as you may find it bears upon the materiality of Defendant Leon–Reyes' testimony at that trial. You may not consider the summary testimony as proof that the defendant's testimony at that trial was false. So you are limited to considering this as you may find that it has materiality to the issues that were presented at trial.

In addition to these instructions, the prosecution specifically stated in its opening statement that none of the summary testimony implicated Leon–Reyes in the drug trafficking or money laundering activities, and that there was no proof that Leon–

Reyes had participated in any of those activities. In light of the district court's monitoring of the content of the summaries and repeated limiting instructions, we hold that the district court did not abuse its discretion in admitting the summaries into evidence.

## II. Prosecutorial Misconduct

■■■■ Leon–Reyes argues that the prosecutor committed misconduct in his closing argument by vouching for his own credibility and that of the government, and arousing the passion and prejudice of the jury by putting the American justice system at issue. Because Leon–Reyes did not object to the prosecution's closing argument, we review these claims for plain error. *See United States v. Amlani*, 111 F.3d 705, 714 (9th Cir.1997). We will only correct an error not raised at trial, if several conditions are satisfied: "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson*, 520 U.S. at 467 (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Even if all three conditions are met, we will only exercise our discretion to notice forfeited error if the error " 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Olano*, 507 U.S. at 732).

## A. Vouching

■■■■ "Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir.1993); *see also United States v. Rudberg*, 122 F.3d 1199, 1200 (9th Cir. 1997); *United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir.1992). In its closing argument, the prosecution stated

> You can tell that I am one of those lawyers who is proud of being a lawyer. I know there are a lot of lawyer jokes,

but I view this—I get this from my grandfather who is an immigrant, who brought me to courtrooms like this and said—I can't use his accent. He says: This is why it is so important.

That is why I am a lawyer. This—you come here—this is where justice happens. And my father was a lawyer, and I am a lawyer because of him.

The prosecution also stated that he had tried cases for 26 years both as a defense attorney and as a prosecutor and in large and small courtrooms around the country. Leon–Reyes points to this language and argues that the prosecutor was vouching for his own credibility and the credibility of the government's case. We agree that much of the prosecution's closing was objectionable. The prosecution's story about his grandfather and the recitation of his resume were irrelevant and unnecessary. The prosecution's statements tend to vouch for his own credibility and thereby the credibility of the prosecution's case. *See United States v. Smith,* 962 F.2d 923, 933–34 (9th Cir.1992).

In this case, however, the prosecution's closing does not rise to the level of plain error vouching. The error in this case did not affect a substantial right or adversely affect the "fairness, integrity or public reputation of judicial proceedings." *See John-son,* 520 U.S. at 469–71 (internal quotation omitted). The prosecutor did not personally assure the jury that any of the prosecution's witnesses were honest or imply that he knew that the defendant was guilty. *Cf. Necoechea,* 986 F.2d at 1276. Additionally, the evidence of Leon–Reyes's guilt was overwhelming. The prosecution offered the testimony of a member of the Mexican Hacienda [6] who testified that the Garcias had not registered as taxpayers during the time testified to by Leon–Reyes, that the Garcias' tax number was false, that the documents offered by Leon–Reyes in the *Garcia* trial were incorrectly stamped and that the bank account that Leon–Reyes testified to did not exist. The prosecution also offered documents supporting that testimony. In light of this testimony and the corresponding documents, we hold that Leon–Reyes's trial was not prejudiced by any error in the closing argument.

B. Passion and Prejudice

Prosecutors may not make comments calculated to arouse the passions or prejudices of the jury. *Viereck v. United States,* 318 U.S. 236, 247–48, 63 S.Ct. 561, 87 L.Ed. 734 (1943). We have previously adopted the D.C. Circuit's reasoning that

A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence. Jurors may be persuaded by such appeals to believe that, by convicting a defendant, they will assist in the solution of some pressing social problem. The amelioration of society's woes is far too heavy a burden for the individual criminal defendant to bear.

*United States v. Koon,* 34 F.3d 1416, 1443 (9th Cir.1994) (quoting *United States v. Monaghan,* 741 F.2d 1434, 1441 (D.C.Cir. 1984)), *rev'd on other grounds by* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). On the other hand, a prosecutor may ask the jury to act as a "'conscience of the community'" unless such a request is "'specifically designed to inflame the jury.'" *United States v. Williams,* 989 F.2d 1061, 1072 (9th Cir.1993) (quoting *United States v. Lester,* 749 F.2d 1288, 1301 (9th Cir.1984)). Additionally, the Supreme Court instructs that "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through a lengthy exhortation, will draw

**6.** The Hacienda is the equivalent of the Treasury Department.

that meaning from the plethora of less damaging interpretations." *Donnelly v. DeChristoforo,* 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

 Leon–Reyes argues that in its closing, the prosecution placed the foundation of free society and the American justice system upon his case. In its closing, the prosecutor said

> In this county, you have heard—we do everything—many, many things on oath. This is a free society.... It is a social compact amongst the people that we operate on the basis of truth.
>
> We rely on our fellow citizens, our officials, our judges, our congressmen, our president; we rely on these, good faith, when they take an oath, be it an oath when you pay your taxes; be it an oath when you take the office of the presidency of the United States; be it the oath of a judge; be it the oath of a juror. It is actually what?
>
> . . . .
>
> Now, we know unfortunately that people have failings: Self interest, bias, prejudice, and always, always—it doesn't always work that way. We know that some people come in, swear to tell the truth, take an oath to an office, swear to follow the Constitution—police officers unfortunately can come in and swear to do this, attorneys, judges even, swear to follow their oath, and we know that this doesn't always occur.
>
> . . . .
>
> And when you think about it, every major issue in this county—social issue, legal issue—eventually comes into courtrooms like this where people are expected to—like you—to listen to people who take the oath and swear to tell the truth. And then, a free society of jurors from the community decide, based on the truth we hope, what is to happen, what is justice.
>
> And when—and when persons come in and swear and look you in the eye and say: I swear to tell the truth, and then

they lie, how can justice ever happen in a free society?

> That is why this case, this little case is so important, because it attacks the very foundation, the very principals of why this country strives for greatness. That is why this case is important.

These statements were unnecessary and largely irrelevant. The prosecutor's personal belief in the importance of the oath *does not tend to prove whether or not* Leon–Reyes testified falsely at the *Garcia* trial. Indeed throughout this entire soliloquy, the prosecutor did not discuss Leon–Reyes or any of the evidence introduced in the trial.

Nevertheless, we do not believe that the prosecutor's argument was plain error requiring reversal in this case. The prosecutor's statements do not seem to have been made to inflame the jury, but rather to point out that our justice system relies on witnesses telling the truth. *See Donnelly,* 416 U.S. at 647 (holding that a court should not infer otherwise ambiguous statements to have their most damaging meaning). The prosecutor did not suggest the consequences of a particular verdict, *cf. Koon,* 34 F.3d at 1444, nor did the prosecutor point to a particular crisis in our society and ask the jury to make a statement, *cf. Williams,* 989 F.2d at 1072. Although the prosecutor explained the importance of the case in grandiose terms, such statements did not seem to be intended to appeal to the passions and prejudice of the jury. Moreover, as explained above, the evidence of Leon–Reyes's guilt was overwhelming and therefore the statements made by the prosecutor did not seriously affect the "fairness, integrity or public reputation of judicial proceedings." *See Johnson,* 520 U.S. at 469–70 (internal quotation omitted).

## III. Cross Appeal

 In its cross appeal, the government argues that the district court clearly erred in finding that Leon–Reyes's perjured testimony was only in respect to the

824

money laundering charges and not in respect to the drug trafficking charges. We review the district court's application of the Sentencing Guidelines to the facts of a particular case for an abuse of discretion. *United States v. Aguilar–Ayala*, 120 F.3d 176, 177–78 (9th Cir.1997). The district court's factual findings in the sentencing phase are reviewed for clear error. *See, e.g., United States v. Ladum*, 141 F.3d 1328, 1344 (9th Cir.1998).

■ Section 2J1.3(c)(1) of the Sentencing Guidelines provides that if "the offense involved perjury, ... in respect to a criminal offense," the offense level should be six levels lower than the level of the underlying offense. U.S.S.G. § 2J1.3 (cross referencing U.S.S.G. § 2X3.1 (Accessory After the Fact)). Perjury is in respect to a criminal offense where "the defendant knew or had reason to know, at the time of his perjury, that his testimony concerned such a criminal offense." *United States v. Rude*, 88 F.3d 1538, 1543 (9th Cir.1996).

In this case, Leon–Reyes's entire testimony at the *Garcia* trial concerned the Garcias' cattle business and financial affairs. Leon–Reyes testified that he kept bank records, prepared income tax forms and paid taxes on behalf of the Garcias. Leon–Reyes did not testify about the Garcias' drug activities. The government correctly asserts that Leon–Reyes's testimony would have benefitted the Garcias' defense to the drug trafficking charges because it proved that the Garcias had a legitimate source of income other than narcotics trafficking. However, proving a legitimate source of income is a defense to money laundering charges. Even if the jury in the *Garcia* trial believed Leon–Reyes's testimony, it would have been possible for them to find the Garcias guilty of drug trafficking. Leon–Reyes only testified that cattle was a legitimate source of income, not that the Garcias had not engaged in drug trafficking as an illegitimate source of income. Given the nature of Leon–Reyes's testimony, and the very insignificant effect it would have had on the

drug trafficking charges, we hold that the district court properly exercised its discretion in determining that Leon–Reyes's perjury was only in respect to the money laundering charges.

## CONCLUSION

The district court correctly admitted in summary form testimony from the *Garcia* trial for the purpose of determining materiality of Leon–Reyes's statements. The prosecution did not commit plain error by discussing his legal background or the importance of the oath, and the district court did not err in sentencing Leon–Reyes.

AFFIRMED.