**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ceder Adam ROWE, Defendant–
Appellant.**

**No. 00–30252.
D.C. No. CR–99–00534–ALH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Cedar Adam Rowe appeals his 78–month sentence, together with a four-year term of supervised release, imposed following conviction by guilty plea for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm. We review the district court's interpretation of the Sentencing Guidelines de novo, *United States v. Castillo*, 181 F.3d 1129, 1134–35 (9th Cir.1999), and its application of the Sentencing Guidelines to the facts of a particular case for abuse of discretion, *United States v. Leon–Reyes*, 177 F.3d 816, 824 (9th Cir. 1999).

Rowe contends that, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000), *overruled in part by United States v. Buckland*, 277 F.3d 1173, 1181 (9th Cir.2002) (en banc), he cannot be sentenced to a supervised release term of four years because the indictment did not allege a specific drug quantity. We disagree.

In his plea agreement, Rowe expressly admitted possessing with intent to distribute between 100 and 400 kilograms of marijuana—an admission repeated during the plea colloquy. By pleading guilty and admitting the quantity of marijuana involved, Rowe waived his right to have a jury determine the amount of marijuana at issue. *See United States v. Silva*, 247 F.3d 1051, 1060 (9th Cir.2001).

Correspondingly, the sentence and supervised release term imposed by the district court is well within the maximum statutory term,[1] regardless of whether

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Rowe argues that if he were sentenced under 21 U.S.C. § 841(b)(1)(C), then 18 U.S.C. § 3583(b) limits the term of supervised re-

sentencing was governed by either 21 U.S.C. § 841(b)(1)(B) or 21 U.S.C § 841(b)(1)(C). *See United States v. Barragan*, 263 F.3d 919, 925 (9th Cir.2001).

Accordingly, the district court's sentence is AFFIRMED.

---

lease to three years. Even if § 841(b)(1)(C) applied in this case, which it clearly does not, given the quantity of marijuana admitted, we have previously held that the supervised release terms authorized by § 841 trump the maximums set forth in § 3583(b). *See United States v. Barragan*, 263 F.3d 919, 925 (9th Cir.2001).

