UNITED STATES of America, Plaintiff—Appellee,

v.

Felipe FELIX, aka Felipe Felix–Carrazco, Defendant—Appellant.

No. 02–30030.

D.C. No. CR–01–00016–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Nov. 15, 2002.

Before TROTT, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM *

Felix Felipe appeals the district court's denial of his motion for a mistrial on two grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Because the facts are known to the parties, we do not recite them here. We need not decide whether to apply harmless or plain error analysis to the first issue.[1] The Government satisfied the more stringent standard by showing that the error was "more probably than not harmless."[2]

In this case, the prosecutor accidentally used the defendant's name when he was explaining a prosecution witness's predicted testimony.[3] It was clear from the context of the mistake that the prosecutor was referring to his own witness. Furthermore, the district court effectively cured the misstatement by giving the jury a cautioning instruction.[4] The district court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. If the Appellant's objection was contemporaneous with the misstatement, the Government has the burden of proving that the error was harmless. *United States v. Mett*, 178 F.3d 1058, 1066 (9th Cir.1999). However, if the Appellant's objection was not contemporaneous, then Appellant has the burden to prove the misstatement was a plain error. *United*

States v. Gomez–Norena, 908 F.2d 497, 500–01 (9th Cir.1990).

2. *Mett*, 178 F.3d at 1066.

3. *See Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (stating that the Fifth Amendment forbids comment by the prosecution on the accused's silence).

4. *United States v. Endicott*, 803 F.2d 506, 513 (9th Cir.1986) (holding that a district court can cure the effect of an "improper prosecutorial comment[ ]" with a jury instruction).

also gave Felix the opportunity to provide additional instructions for curing the mistake, but Felix failed to do so. Accordingly, we hold that the misstatement was a harmless error, and the district court did not abuse its discretion[5] by denying the defendant's motion for a mistrial based on the misstatement.

We reject Appellant's second argument as well. Although the prosecution's statement was unfortunate, it was not plain error.[6] A prosecutor's rebuttal comments during closing remarks are viewed within the context of the defense counsel's closing remarks.[7] Moreover, the defense counsel invited the prosecutor's comments by introducing the metaphor with respect to prosecution witnesses. Accordingly, we reject Felix's second argument that the "rat" metaphor amounted to plain error.

AFFIRMED.

---

5. *United States v. Mills,* 280 F.3d 915, 921 (9th Cir.2002).

6. FED. R.CRIM. P. 52(b); *United States v. Leon–Reyes,* 177 F.3d 816, 821 (9th Cir.1999) (applying the plain error standard to prosecution's closing remarks, to which the defendant did not object).

7. *United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (stating that

the "invited response rule" requires the court to view prosecutorial comments in light of defendant's comments to determine whether the trial fairness was affected).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.