UNITED STATES of America, Plaintiff—Appellee,

v.

Joseph P. RYNCARZ, Defendant—Appellant.

No. 02–30093.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 10, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON,** District Judge.

MEMORANDUM ***

Joseph Ryncarz appeals his conviction and 262–month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) with an armed career criminal enhancement pursuant to 18 U.S.C. § 924(e)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

** The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

We review a district court's decision to admit evidence for an abuse of discretion. *United States v. Leon–Reyes,* 177 F.3d 816, 819 (9th Cir.1999); *see also United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002) (discussing Federal Rule of Evidence 404(b)).

Threatening a witness to intimidate her shows consciousness of guilt and is therefore relevant. *Ortiz–Sandoval v. Gomez,* 81 F.3d 891, 897 (9th Cir.1996); *United States v. Meling,* 47 F.3d 1546, 1557 (9th Cir.1995). This type of evidence is "second only to a confession in terms of probative value." *Meling,* 47 F.3d at 1557. Moreover, "evidence of ... attempts to induce witnesses to lie is indicative of consciousness of guilt and may be placed before the jury." *United States v. Collins,* 90 F.3d 1420, 1428 (9th Cir.1996).

The district court did not abuse its discretion in admitting the letters that Ryncarz wrote to Gonzalez or his friends. The letters show that Ryncarz was threatening Gonzalez, inducing her to lie, and attempting to fabricate a defense. Although "[t]he potential of unfair prejudice from the introduction of threats is 'severe,'" *Ortiz–Sandoval,* 81 F.3d at 898 (quoting *United States v. Check,* 582 F.2d 668, 685–86 (2nd Cir.1978)), the prejudicial effect of these letters does not outweigh their probative value. The threat was neither specific nor inflammatory, and the court gave the jury a limiting instruction. *Id.*

Even though Ryncarz failed to renew his motion for acquittal at the close of all the evidence, we review for plain error. *See, e.g., United States v. Carlson,* 235

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**308**

F.3d 466, 468 (9th Cir.2000). Because the testimony of at least four witnesses overwhelmingly supports a finding that Ryncarz possessed the firearm listed on the indictment, no error exists.

We review a district court's denial of a motion for a new trial for an abuse of discretion. *United States v. Hursh*, 217 F.3d 761, 769 (9th Cir.2000). The district court did not abuse its discretion in denying Ryncarz's motion for a new trial. Because Ryncarz committed a felony in 2001, his two 1992 convictions were admissible for impeachment purposes under Federal Rule of Evidence 609(c).

We review an *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), challenge de novo. *United States v. Smith*, 282 F.3d 758, 771 (9th Cir.2002). Because Ryncarz's sentence was within the prescribed statutory maximum allowed under 18 U.S.C. § 924(e)(1), his claim falls outside the *Apprendi* rule. *See United States v. Bland*, 961 F.2d 123, 128 (9th Cir.1992) (holding that the maximum sentence allowed under 18 U.S.C. § 924(e)(1) is life). Moreover, the district court found by a preponderance of the evidence that there had been a threat of violence and assault using a firearm, making a base level of 34 appropriate under U.S.S.G. § 4B1.4(3).

We cannot review a district court's discretionary refusal to depart from the Sentencing Guidelines. *United States v. Romero*, 293 F.3d 1120, 1126 (9th Cir. 2002). Because the district court understood that it had discretion to depart from the Guidelines but refused to exercise its

discretion to do so, we do not have jurisdiction to consider this claim.

**AFFIRMED.**