**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Raymond A. BAIER, Defendant—**
**Appellant.**

No. 03–30315.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided June 22, 2004.

Marcia Good Hurd, Esq., Kris A. McLean, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John Rhodes, Esq., David C. Avery, Esq., Missoula, MT, for Defendant–Appellant.

Before: BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

MEMORANDUM *

Raymond Baier ("Baier") appeals from his conviction of knowingly making false written statements in violation of 18 U.S.C. § 1001(a)(3). Baier argues that the district court erred in (1) allowing the prosecutor to question him about a prior conviction for operating an outfitting camp outside the limitations of his special use permit, and (2) allowing the prosecutor to make inflammatory statements during closing argument. Because the parties are familiar with the facts of the appeal, we will not recite them here except where necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Baier asserts that the district court committed reversible error by allowing the government to question him about his prior conviction for outfitting hunters outside the limitations of his Forest Service special use permit. Baier first argues that his prior conviction was inadmissible pursuant to Federal Rule of Evidence 404(b) because he was not given advance notice that his conviction would be introduced at trial. Baier's argument fails because the record reveals that the government *did provide* Baier with the requisite notice.

■ Baier next argues that evidence of his prior conviction was not relevant for any of the factors permitted by Rule 404(b). Baier's conviction can be used to demonstrate his motive, knowledge, and intent to lie about his outfitting practices. *United States v. Lillard,* 354 F.3d 850, 854 (9th Cir.2003). The government was try-

ing to show that Baier intentionally lied about his outfitting practices because he was breaking the law. The district court did not abuse its discretion by admitting the testimony.

■ Lastly, Baier asserts that he was denied a fair trial because the government resorted to prejudicial and inflammatory comments during closing argument that went beyond the evidence presented at trial and sought to inflame the jury to act as the conscience of the community. The government's comments related to Baier's knowledge and motive in making the false written statements. The government made the valid argument that if Baier would have worked within his permit, he would not have been able to collect $11,400 in fees. The district court did not commit plain error in allowing the government to make these statements. *United States v. Leon–Reyes,* 177 F.3d 816, 823 (9th Cir. 1999).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.