HULL, Circuit Judge,
specially concurring:
I concur only in the judgment reversing the district court, vacating Benitez’s sentence, and remanding for resentencing. My reasons are as follows.
Benitez, the perjury defendant here, is the sister of Garcia, who was tried and convicted for her role in a drug conspiracy. Benitez testified for the defense in Garcia’s drug-conspiracy trial about issues having a direct bearing on the charged drug-conspiracy offense. Garcia was accused of having traveled to Mobile, Alabama, with her husband, Jose Nieves, to pick up a load of cocaine. Garcia’s knowledge of and participation in the drug conspiracy were at issue in the criminal trial. Benitez’s testimony undermined the government’s theory that certain travels, contacts, and money deposits by Garcia and her family were suspicious.
For example, Benitez identified certain names and addresses that emerged in the evidence, and her testimony suggested innocent explanations- — -including ordinary contact and visits with family members— for much of the travel and contact that the government viewed as suspicious. Benitez also denied knowing an indicted co-conspirator and several alleged drug contacts in New York and denied knowing how her niece, Maria Giraldo, came to possess $51,000 in cash in August 2001.[1] In addition, Benitez identified the black Isuzu Montero in which Garcia was arrested as Garcia and Nieves’s car, but testified that Nieves drove the Isuzu all the time. Benitez’s testimony related to her sister’s relationship to people, places, and events associated with the cocaine conspiracy and thus was highly relevant to her sister’s knowledge of and involvement in the charged cocaine conspiracy.
During the same criminal trial, Benitez also testified about her sister’s flight from *683 trial, and in so doing, perjured herself by denying her own involvement in her sister’s flight. Benitez told the jury that she had no part in her sister’s disappearance, when in fact she was complicit in it. Had the jurors known of Benitez’s complicity in her sister’s absconding during the trial, they might well have concluded that Benitez would do other unlawful things — including testifying untruthfully — to protect her sister, and Benitez’s credibility would have been undermined, if not eviscerated. Because Benitez’s perjury in her sister’s trial protected her own credibility in testifying about matters relevant to the drug-conspiracy charge against her sister, the perjury easily could have affected the outcome of the trial. Benitez parses her testimony too finely in arguing that her perjury about her sister’s fleeing her drug-conspiracy trial is about only a collateral matter of flight and not related to her drug-conspiracy trial. My view is that Benitez’s distancing herself from her sister’s flight, and especially not telling the jury she had helped her sister flee during the actual trial itself, was crucial to give her other testimony credibility. Thus, in my view, a plain reading of U.S.S.G. § 2J1.3(c) compels the conclusion that Benitez’s perjury was “in respect to” the drug-conspiracy charge against Garcia. See United States v. Bova, 350 F.3d 224, 230 (1st Cir.2003) (“The [§ 2J1.3] cross reference is based on the potential of the perjury to derail or miscarry a judicial or similar proceeding directed to another crime.”); United States v. Suleiman, 208 F.3d 32, 39 (2d Cir.2000) (“The purpose of the ‘in respect to’ enhancement is to treat more severely perjuries that risk an incomplete or an inaccurate investigation or trial of a criminal offense.”).[2]
Nor do the cases relied upon by Benitez suggest otherwise, as they involve perjury in separate proceedings and not in the actual trial of the other crime itself. The only case cited by Benitez that involves perjury in a criminal trial is United States v. Leon-Reyes, 177 F.3d 816 (9th Cir. 1999). Leon-Reyes is easily distinguished from Benitez’s case. Defendant Leon-Reyes, an accountant, testified perjuriously in a criminal trial in which Heriberto Garcia Sr. and Heriberto Garcia Jr. were charged with drug trafficking, money laundering, and money structuring. Id. at 818-19. Leon-Reyes testified about the financial affairs of Garcia Sr. in relation to the money-laundering charges and did not testify about the Garcias’ drug activities. Id. at 824. As a result, the Ninth Circuit concluded that Leon-Reyes’s perjury was “in respect to” the money-laundering charges but not the drug-trafficking charges. Id. Here, Benitez’s testimony was clearly material to the drug-conspiracy charge against Garcia. Thus, Leon-Reyes does not support Benitez’s position.
For these reasons, I conclude that Benitez’s perjury in her sister’s drug-conspiracy trial was “in respect to” that drug-conspiracy offense and thus concur in the judgment vacating Benitez’s sentence and remanding for resentencing.

. Giraldo apparently was identified as having made a money drop around that time.

. Because Benitez was a material witness in the drag-conspiracy trial and her perjury had the potential to derail justice in that trial, I need not reach the government’s argument that Benitez’s perjury was also "in respect to” the drag-conspiracy charge because it enabled Garcia to avoid capture for those charges. Although the trial against Garcia proceeded in her absence, Benitez's perjury possibly allowed Garcia to escape justice longer than she otherwise would have, and could have allowed her to escape indefinitely. Thus, the government argues, Benitez's perjury risked a miscarriage of justice in allowing Garcia to elude justice "in respect to” the drag-conspiracy charge.