UNITED STATES of America,
Plaintiff—Appellee,

v.

Rodney Lee ROLLNESS, Defendant—
Appellant.

No. 07–30411.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 2009.

Filed April 2, 2009.

As Corrected on Denial of Rehearing
En Banc June 4, 2009.

See also 561 F.3d 996.

Helen J. Brunner, Esquire, Tessa M. Gorman, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Suzanne Lee Elliott, Esquire, Law Offices of Suzanne Lee Elliott, Jeff Ellis, Ellis, Holmes & Witchley, PLLC, Seattle, WA, for Defendant–Appellant.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

Rodney Lee Rollness appeals his sentence and conviction on multiple counts, including participation in a Racketeer Influenced and Corrupt Organization ("RICO"), in violation of 18 U.S.C. § 1962(c), RICO conspiracy, in violation of 18 U.S.C. § 1962(d), and murder in violation of the Violent Crime in Aid of Racketeering statute, 18 U.S.C. § 1959(a) ("VICAR murder"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The testimony of the government's witnesses, if credited, is evidence sufficient to prove beyond a reasonable doubt that the "general purpose" of Rollness' murder of Michael Walsh was to enhance his status among members of the Washington Nomads, and otherwise establishes Rollness' guilt for each of the charged offenses. *United States v. Banks*, 514 F.3d 959, 970 (9th Cir.2008). The testimony "was not incredible or unsubstantial on its face," *United States v. Alvarez*, 358 F.3d 1194, 1202 (9th Cir.2004), and the jury was "informed of the possible challenges to [the] witness[es']" credibility. *United States v. Leung*, 35 F.3d 1402, 1405 (9th Cir.1994). Rollness' conviction was therefore supported by evidence sufficient for a reasonable jury to have found him guilty beyond

a reasonable doubt. *See United States v. Dearing*, 504 F.3d 897, 900 (9th Cir.2007).

Rollness' *Massiah* claim fails because the government did not make "a conscious decision to obtain [the jailhouse informant's] cooperation" before Lundy elicited information from Rollness. *See Randolph v. California*, 380 F.3d 1133, 1144 (9th Cir.2004) (holding that informant must be an agent of the government to implicate *Massiah* ). There was no *Brady* violation, because the evidence the government suppressed was cumulative of information elicited during cross-examination of J.T. Yates and thus was not "material to the guilt or innocence of the defendant." *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir.2007) (en banc).

The government acted within its discretion in according immunity for perjury to Jeff Mercer. *See United States v. Plummer*, 941 F.2d 799, 802 (9th Cir.1991). Even if the prosecutor improperly vouched for Mercer during direct examination, the district court's cautionary jury instructions cured any error. *See United States v. Young*, 470 U.S. 1, 13, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).

The prosecutor's closing argument does not require reversal as to any of the three statements Rollness challenges. The first statement is ambiguous when considered in context, and therefore does not rise to the level of misconduct. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 645–46, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Rollness did not object to the second statement, an "invited reply" to inflammatory remarks in the defense's closing arguments that does not warrant reversal under the plain error standard. *United States v. Sarkisian*, 197 F.3d 966, 990 (9th Cir.1999); *see Young*, 470 U.S. at

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

12–13, 105 S.Ct. 1038. The third set of statements, which occurred toward the close of the prosecutor's rebuttal, was clearly "calculated to arouse the passions or prejudices of the jury." *United States v. Leon–Reyes,* 177 F.3d 816, 822 (9th Cir. 1999); *see United States v. Sanchez,* 176 F.3d 1214, 1224–25 (9th Cir.1999). Although the statements were improper, the trial court gave immediate curative instructions, and they were not, when "considered in the context of the entire trial, . . . likely to have affected the jury's discharge of its duty to judge the evidence fairly." *United States v. Henderson,* 241 F.3d 638, 652 (9th Cir.2000).

We hold in a separate opinion that VICAR murder carries a statutory minimum sentence of life imprisonment. Rollness is therefore unable to challenge the reasonableness of his sentence under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm Rollness' conviction and sentence.

**AFFIRMED.**