**NOT FOR PUBLICATION**

**FILED**

SEPTEMBER 17
2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY CARL LUNGBERG,<br><br>          Petitioner-Appellant,<br><br>vs.<br><br>L.E. SCRIBNER, Warden,<br><br>          Respondent-Appellee. | No. 11-56107<br><br>D.C. No. 07-01521-GAF-AGR<br><br>MEMORANDUM[*] |

On Appeal from the United States District Court
For the Central District of California
Gary A. Feess, District Court Judge, Presiding

Argued and Submitted August 26, 2014
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and GLEASON, District Judge.[**]

Jeffrey Lungberg was convicted by a jury in the State of California of various criminal counts arising from his molesting his stepdaughter, Jane Doe.

---

          [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

          [**] The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

1

Lungberg appealed his conviction to the California Court of Appeal, asserting various claims, including prosecutorial misconduct at trial and ineffective assistance of trial counsel (IAC). The Court of Appeal affirmed. The California Supreme Court summarily denied review.

Lungberg then filed a habeas petition in federal court. The District Court for the Central District of California denied relief. We granted a certificate of appealability on: (1) whether Lungberg was entitled to relief as a result of the alleged prosecutorial misconduct; or (2) whether trial counsel was ineffective because of his failure to object to the alleged prosecutorial misconduct. We affirm.

We review *de novo* the district court's denial of a § 2254 petition. *Samayoa v. Ayers*, 649 F.3d 919, 928 (9th Cir. 2011). "On habeas review, constitutional errors of the 'trial type,' including prosecutorial misconduct, warrant relief only if they 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Wood v. Ryan*, 693 F.3d 1104, 1113 (9th Cir. 2012) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). As for IAC, where a state court has evaluated the IAC claim pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).

In this appeal, Lungberg asserts three instances of misconduct by the prosecutor during closing arguments:

*First*, Lungberg asserts that the prosecutor misstated the contents of a note from Lungberg's wife to Lungberg. The California Court of Appeal agreed that the prosecutor had misstated the note, but denied Lungberg relief because "[t]here was substantial evidence against [Lungberg], and it is not reasonably probable that, had the prosecutor not misstated the evidence, the result of the proceeding would have been more favorable to the defendant." We find that even if the misstatement constituted prosecutorial misconduct, it did not have "a substantial and injurious effect or influence in determining the jury's verdict." *Wood*, 693 F.3d at 1113; *Brecht*, 507 U.S. at 637-38. And with respect to Lungberg's IAC claim derived from misstatement of the note, we find the California Court of Appeal's application of *Strickland* was not unreasonable. *Harrington*, 131 S.Ct. at 785.

*Second*, Lungberg asserts that the prosecutor improperly vouched for Jane Doe's credibility by suggesting that her religious faith made her more credible. Specifically, the prosecutor stated Jane Doe "felt like God was important in her life" and that her beliefs "[c]ompelled her" to disclose the molestation at the time when she disclosed the molestation, after years of keeping silent. The prosecutor then argued: "Now I am not saying that people that worship one faith or another

are going to be anymore [sic] truthful than anyone else. But I am telling you this little girl believed [faith] important. Keep that in mind when counsel suggests -- because the only thing he did at this point is suggest she is a liar." The California Court of Appeal concluded that in the context of the entire trial and closing argument, the prosecutor's statements did not amount to improper vouching because the prosecutor was responding to defense counsel's assertion that Jane Doe had lied about the molestation by explaining that religion had motivated the timing of her disclosure. We agree. "Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity . . . ." *United States v. Leon-Reyes*, 177 F.3d 816, 821 (9th Cir. 1999) (quoting *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993)). Although a prosecutor ought not to use a phrase such as, "I am telling you," here, that statement immediately followed a discussion of the evidence that demonstrated that religion was important to Jane Doe, which the California court found relevant to the timing of her disclosure. Thus, we find that the California Court of Appeal's conclusion that the prosecutor did not improperly vouch for Jane Doe was not "contrary to" and did not "involve[] an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United

4

States." 28 U.S.C. § 2254(d)(1). Because this was not prosecutorial misconduct, trial counsel's failure to object cannot constitute IAC.

*Third*, Lungberg asserts that the prosecutor improperly argued that the jury should consider the brevity of Lungberg's testimony at trial. The California Court of Appeal found nothing improper in the prosecutor's arguments. We have previously held that "it is neither unusual nor improper for a prosecutor to voice doubt about the veracity of a defendant who has taken the stand." *United States v. Moreland*, 622 F.3d 1147, 1161 (9th Cir. 2010) (quoting United *States v. Birges*, 723 F.2d 666, 672 (9th Cir. 1984)). The California Court of Appeal's conclusion on this topic was not "contrary to" and did not "involve[] an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because this was not prosecutorial misconduct, trial counsel's failure to object cannot constitute IAC.

**AFFIRMED.**