**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MONIQUE FERGUSON, <br><br> Defendant - Appellant. | No. 23-1317 <br><br> D.C. No. 2:18-cr-00529-MWF-5 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 11, 2025
Pasadena, California

Before: GRABER, HAMILTON**, and BUMATAY, Circuit Judges.

Monique Ferguson appeals her jury convictions arising out of a conspiracy to defraud Spirit Airlines. Between 2016 and 2017, Spirit Airlines and Mesa Airlines had a reciprocal agreement under which each airline's crew members could obtain "nonrevenue" tickets to travel standby on the other's planes for free.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, Seventh Circuit, sitting by designation.

To book these "nonrevenue" tickets, Mesa employees submitted their employee information to a portal publicly available on Spirit's website. The portal was intended for use only by airline employees, but during the conspiracy, Ferguson and others who were not airline employees used Mesa employee information to book nearly 2,000 nonrevenue tickets.

A jury convicted Ferguson of conspiracy to commit wire fraud and conspiracy to commit identity theft. Ferguson argues that she was deprived of a fair trial by prosecutorial misconduct that the district court failed to correct. Because she did not object at trial to any of the evidence or arguments that she challenges on appeal, we review only for plain error. *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. To prove conspiracy to commit wire fraud, the government had to show that Ferguson joined the charged conspiracy knowing that it involved the use of material misrepresentations or omissions. *See United States v. Lindsey*, 850 F.3d 1009, 1011 (9th Cir. 2017) (elements of wire fraud); *United States v. Pelisamen*, 641 F.3d 399, 409 (9th Cir. 2011) (elements of conspiracy to commit wire fraud). Ferguson argues that the government presented misleading evidence and arguments about the materiality of employee ID numbers used to obtain nonrevenue tickets and fake crew badges used to board flights.

Undisputed and non-misleading evidence amply supported the jury's conclusion that the employee ID numbers and fake crew badges were material. Participants in the scheme used employee ID numbers and fake crew badges to misrepresent themselves as Mesa crew members. These misrepresentations were material if they had "a natural tendency to influence" Spirit's decisions to issue or honor nonrevenue tickets. *Lindsey*, 850 F.3d at 1014 (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995)). They plainly did. Spirit intended to make nonrevenue tickets available only to employees of partner airlines. If Spirit had known that a passenger was not actually a Mesa crew member, it would have refused to issue or honor a nonrevenue ticket.

Moreover, none of the alleged errors affected Ferguson's substantial rights. When determining whether an alleged error affected the outcome of a defendant's trial, "it is important to keep in mind what was actually contested at trial." *United States v. Macias*, 789 F.3d 1011, 1020 (9th Cir. 2015). During trial, Ferguson presented no evidence or argument contesting the materiality of the employee ID numbers or fake crew badges. Ferguson even stipulated to the existence of a scheme to defraud Spirit Airlines and thereby conceded that the scheme involved material misrepresentations. Because the materiality of the relevant statements was undisputed, any imprecision in the government's presentation is highly unlikely to have affected the jury's verdict.

23-1317

2. Ferguson challenges the government's substantive use in closing arguments of co-defendant Hubbard Bell Jr.'s guilty plea as evidence of her guilt. She argues that the government's use of the guilty plea violated the long-established principle that "the guilty plea or conviction of a codefendant may not be offered by the government and received over objection as substantive evidence of the guilt of those on trial." *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981) (per curiam).

The government did argue that Bell's guilty plea was evidence that a conspiracy existed, but its argument was not improper in this case. The rule against the substantive use of a co-defendant's guilty plea prohibits such use only when the guilty plea is introduced by the government over the objection of the defendant on trial. *See Isaac v. United States*, 431 F.2d 11, 14–15 (9th Cir. 1970). The government did not introduce the guilty plea over Ferguson's objection. Instead, Ferguson herself stipulated that Bell pleaded guilty to conspiracy to commit wire fraud and to the material facts underlying his guilty plea. Because Ferguson introduced the guilty plea herself, it "could be considered by the jury in any way that it was relevant and probative." *Id.* at 15. Bell's guilty plea was probative "as an admission that a conspiracy existed," so the prosecutor was free to ask the jury to use the guilty plea to draw exactly that inference, that a conspiracy existed. *Id.*

23-1317

3. In closing arguments, the government emphasized the gravity of Ferguson's conduct by pointing out evidence presented at trial about security risks created by the conspiracy. Ferguson argues that these statements were impermissibly "calculated to arouse the passions or prejudices of the jury." *See United States v. Leon-Reyes*, 177 F.3d 816, 822 (9th Cir. 1999) (citing *Viereck v. United States*, 318 U.S. 236, 247–48 (1943)).

The district court did not plainly err by allowing the government to highlight evidence about security risks created by the conspiracy. "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003). We have never held that a prosecutor committed reversible misconduct by using evidence introduced at trial to emphasize the gravity of a defendant's acts in closing arguments. In our most closely analogous precedent, *United States v. Weitzenhoff*, we found no error. 35 F.3d 1275, 1291–92 (9th Cir. 1993) (during closing arguments, prosecutor used evidence, a "substantial amount" of which came in without objection, to draw attention to the public health hazard created by defendants).

Ferguson also invokes the rule that a prosecutor "may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking." *United States v. Weatherspoon*, 410 F.3d

1142, 1149 (9th Cir. 2005) (quoting *United States v. Koon*, 34 F.3d 1416, 1443 (9th Cir. 1994)). The prosecutor's arguments did not cross this line.

The challenged arguments also did not violate Ferguson's substantial rights. The government's case was strong, most of the evidence was undisputed, and the jury was properly instructed that lawyers' arguments are not evidence.

4. Because Ferguson has not shown any individual plain error, her theory of cumulative error necessarily fails. *United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007).

**AFFIRMED.**

23-1317