NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PACESETTER CONSULTING, LLC, an
Arizona limited liability company,

No.    21-16244

        Plaintiff-Appellant,

D.C. No. 2:19-cv-00388-DWL

 v.

MEMORANDUM[*]

HERBERT A. KAPREILIAN, a California
citizen; et al.,

        Defendants-Appellees,

 and

DANIEL DUDA, a Florida citizen; et al.,

        Defendants.

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued in part and submitted July 25, 2022
Pasadena, California

Before:  TASHIMA, WATFORD, and FRIEDLAND, Circuit Judges.

    Pacesetter Consulting, LLC ("Pacesetter") appeals from the district court's

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

grant of summary judgment in favor of AgriCare, Inc. and Tom Avenelis (the "AgriCare Defendants"); Eastside Packing, Inc., Fruit World Nursery, Inc., and Craig and Herbert Kapreilian (the "Kapreilian Defendants"); and Mark Bassetti on all claims raised in Pacesetter's Third Amended Complaint ("TAC"). Pacesetter also appeals from the district court's dismissal of the claims in the TAC against A. Duda & Sons, Inc. and Duda Farm Fresh Foods, Inc. (the "Duda corporate entities") and Daniel Duda for insufficient service of process. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

1. The district court did not abuse its discretion in declining on evidentiary grounds to consider two exhibits, the "Ball Declaration" and the "Fact Worksheet," that Pacesetter submitted in opposition to Defendants' summary judgment motions. *See Block v. City of Los Angeles*, 253 F.3d 410, 416 (9th Cir. 2001) ("Evidentiary decisions made in the context of summary judgment motions are reviewed for an abuse of discretion."). Regarding the Ball Declaration, the district court reasonably determined that many of the statements in the declaration referred to materials outside the record, including to materials allegedly produced through discovery in the parallel state-court litigation. Because Pacesetter failed to introduce those materials into the record, the district court was unable to determine whether any evidence they contained would be admissible at trial. Similarly, the district court reasonably determined that many other statements in the declaration

2

were conclusory and, further, were not based on the personal knowledge of the declarant, but rather on vague assertions of what he "learned" at some unspecified time after the events in question. *See* Fed. R. Civ. P. 56(e) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Regarding the Fact Worksheet, the district court reasonably determined that the document was an inappropriate way to introduce deposition testimony at the summary judgment stage, given Pacesetter's failure to include direct quotations from the relevant depositions or to attach the underlying deposition transcripts and given its inclusion of argumentative summaries. *See Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1083 (9th Cir. 2002) (en banc) (recognizing that the district court has discretion whether to permit presentation of deposition testimony in the form of summaries); *United States v. Leon-Reyes*, 177 F.3d 816, 820 (9th Cir. 1999) ("Summaries are normally prepared by an interested party and therefore may not be completely accurate or may be tainted with the preparing party's bias.").

Accordingly, the district court did not abuse its discretion in refusing to consider the exhibits, and we likewise do not consider them in conducting our summary judgment analysis.

2. Reviewing de novo, and mindful of our obligation to view the evidence in the light most favorable to Pacesetter, we agree with the district court that Pacesetter failed to offer any cognizable evidence of damages, and that the AgriCare Defendants, Kapreilian Defendants, and Bassetti were therefore entitled to summary judgment. *See Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. 2001) ("Because [the plaintiff] failed to offer competent evidence of damages, dismissal on summary judgment was appropriate with respect to all claims for which [the plaintiff] bore the burden of establishing the amount of actual harm he suffered.").

In a separate lawsuit filed in Arizona state court, Pacesetter won rescission of the investment contract at issue in this case, including a return of the $400,000 principal with interest and attorney's fees. In the federal case, Pacesetter seeks additional relief in the form of damages, but it has vacillated between two different theories of damages throughout the course of the litigation in the district court. At various times, Pacesetter has appeared to seek "benefit-of-the-bargain" or "lost-profit" damages, asserting that it is entitled to up to $63 million—calculated based on the projected 22.4% annual return over the 25-year investment period that appeared in the Executive Summary of the materials offering the investment opportunity. At other times, however, Pacesetter has appeared to seek "opportunity-cost" damages of an uncertain amount—*i.e.*, damages based on what

4

Pacesetter could have earned from other investments if the $400,000 principal had not been tied up during the investment period.

Pacesetter cannot prevail under either theory. In its Rule 30(b)(6) deposition, Pacesetter expressly denied that it was seeking the $63 million in benefit-of-the-bargain damages in the federal lawsuit. Instead, Pacesetter's representative said that he did not have an estimate of damages because he had not "asked [his expert] to do those calculations for [him] yet." Because Pacesetter disclaimed any reliance on a benefit-of-the-bargain theory in its deposition, a benefit-of-the-bargain approach cannot provide a damages theory sufficient to survive summary judgment.

Pacesetter also has not offered any evidence of lost-opportunity-cost damages. To the contrary, Pacesetter's representative at its Rule 30(b)(6) deposition stated that, at the time he made the $400,000 investment, he "had plenty of money on hand," agreed that he "could have" and "did make investments in other things" and was "well able to make any investment [he] want[ed] at any time," and affirmed that the $400,000 did not "keep [him] from making other investments" and did not "keep [him] awake at night, either." Those concessions are fatal to Pacesetter's assertion that it sustained lost-opportunity costs from not having use of the $400,000 to put toward other investments during the investment period.

5

Pacesetter does not dispute that the existence of damages is an essential element of all claims alleged in the TAC. Accordingly, the district court did not err in granting summary judgment on that basis in favor of the AgriCare Defendants and Bassetti. For the same reason, we affirm the district court's grant of summary judgment in favor of the Kapreilian Defendants, even though the district court relied on other grounds with respect to them. *See Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) ("We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt").

3. The district court did not err in dismissing the claims in the TAC against A. Duda & Sons, Inc. and Duda Farm Fresh Foods, Inc. (the "Duda corporate entities"). Pacesetter acknowledges that service of the First Amended Complaint ("FAC") on A. Duda & Sons, Inc. did not satisfy Federal Rule of Civil Procedure 4, because that complaint mistakenly named a non-existent entity, "Duda and Sons, LLC," as the defendant. Accordingly, Pacesetter was obligated to comply with Rule 4 when it served the Second Amended Complaint ("SAC"), which named the Duda corporate entities for the first time, or when it served the TAC. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 995-96 (9th Cir. 2007) ("[A]n amended complaint can often be served in the same manner as any other pleading [under Rule 5] *if the original complaint is properly served* [under Rule 4] and the

6

defendants appeared in the first instance." (emphasis added)). Because Pacesetter served the SAC and TAC on attorneys for the Duda corporate entities using the district court's electronic docketing system—which is a method permitted by Rule 5, but not by Rule 4, *see* Fed. R. Civ. P. 5(b)(2)(E)—the district court correctly dismissed the claims in the TAC against the Duda corporate entities for insufficient service of process.

The district court erred, however, in dismissing the claims in the TAC against Daniel Duda. Daniel Duda was properly served with the FAC under Rule 4. Although the district court dismissed the FAC's claims against Daniel Duda for lack of personal jurisdiction, the district court ultimately gave Pacesetter the opportunity to attempt to cure the jurisdictional defect by granting leave to file the SAC and TAC. Once proper service of the FAC was accomplished pursuant to Rule 4, Pacesetter was permitted to serve the later-amended complaints on Daniel Duda's attorney through the district court's electronic filing system, as allowed by Rule 5. *See Emp. Painters' Tr.*, 480 F.3d at 999 (noting that an "amended complaint . . . qualifies as a 'pleading subsequent to the original complaint,' thus allowing it to be served in any manner prescribed in Rule 5(b)" (footnote omitted)); Fed. R. Civ. P. 5(b)(1), (b)(2)(E).

Accordingly, we affirm the district court's dismissal of the claims in the TAC against the Duda corporate entities, reverse the dismissal of the claims in the

TAC against Daniel Duda, and remand for further proceedings.

All parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**